EDWARD CORNING AND ANNA CORNING, EXECUTORS OF THE LAST WILL AND TESTAMENT OF WILLIAM CORNING, DECEASED, v. FRANK S. BURTON, MILON W. ELLSWORTH, FREEMAN B. DICKERSON, AND HARVEY G. MCQUEEN.

*Equity practice—Subpoena—Return—Mortgage foreclosure—Deficiency—Assumption of mortgage.*

1. The subpoena and underwriting provided for by Chancery Rule No. 122 may properly be treated as one instrument; and a return by an officer that he served a copy of the "within subpoena," which subpoena upon its face contains the underwriting, leaves no room to doubt that service was made of all that appears upon the face of the subpoena, and no more, and is sufficient.

2. A personal decree may be rendered in a foreclosure case against a grantee of the mortgagor, who has accepted a deed stating that it is subject to the mortgage, which the grantee assumes and agrees to pay.[1]

3. A grantee who is thus liable cannot escape liability by inserting in his deed of the mortgaged premises a like agreement by his grantee to pay the mortgage debt.

4. Doubtless equity would say that the second grantee was primarily liable, the first grantee next, and the mortgagor last; but all are liable.

Appeal from Midland. (Hart, J.) Argued June 27, 1894. Decided September 25, 1894.

---

[1] LIABILITY OF GRANTEE OF MORTGAGED PREMISES TO PAY THE MORTGAGE.

For cases bearing upon the question of the liability of the grantee of mortgaged premises to pay the mortgage, see:

*Action at Law for Deficiency.*

*Hicks v. McGarry*, 38 Mich. 667, holding that the grantee is not liable to the mortgagee in an action at law for the balance of the mortgage debt remaining unpaid after the foreclosure of the mortgage, where the basis of liability is the agreement to pay contained in the deed.

*Illustrative Cases.*

1. *Comstock v. Smith*, 26 Mich. 306, where a married woman conveyed Canadian oil land subject to a purchase-money mortgage. The deed provided that the grantees should have quiet possession of the land, free from all incumbrances, except said mortgage, upon which there was due a specified sum, which was to be deducted from the consideration stated in the deed, and paid by the grantees to the mortgagee. The grantees failed to make such payment, and the grantor filed a claim against the estate of one of the grantees, based upon said provision in the deed. The estate objected to the allowance of the claim on the ground, among others, that, the claimant being a married woman, and the land being in Canada, and her notes and mortgage having been made there, the same were not enforceable against her on account of her alleged disability, and that her immunity from legal liability, though of a personal nature, invalidated her claim against the estate. And it was held that the decedent and his estate were precluded from raising said objection.

2. *Crawford v. Edwards*, 33 Mich. 354, where the defendant accepted a deed stating that the same was made subject to a cer-

Bill to foreclose a mortgage. Complainants appeal from a decree denying their petition for execution for deficiency. Reversed, and decree entered in accordance with prayer of petition. The facts are stated in the opinion.

*H. P. Smith* (*Camp & Brooks* and *W. G. Gage*, of counsel), for complainants.

*Brooke & Spalding*, for defendant Dickerson, who alone resists the claim of complainants on appeal.

---

tain mortgage, describing it, which the grantee assumed and agreed to pay as part of the consideration expressed in the deed. And it was held:

*a*—That the acceptance of such a deed binds the grantee as effectually as though it had been *inter partes*, and executed by both grantor and grantee; that the obligation of the grantee inures in equity to the benefit of the mortgagee, who may enforce it in a bill to foreclose his mortgage.

*b*—That the grantor is not discharged except at the option of the mortgagee, who may treat both the grantor and grantee as principal debtors to him, and have a personal decree against either or both.

*c*—That the grantee cannot avoid liability under his agreement because, on account of a defective description, he acquired no legal title under his deed, where he obtained possession thereunder of the premises intended to be conveyed, with the right by virtue thereof to have the mistake corrected, but, instead of availing himself of such right, permitted the premises to be fraudulently conveyed to a third person in order to cut off the mortgage.

3. *Miller v. Thompson*, 34 Mich. 10, where complainant filed a bill to foreclose two mortgages given to him by defendant's grantor. Defendant's deed was the usual warranty deed, with the following clause added at the conclusion: "Excepting, however, as against two certain mortgages held by Sidney D. Miller, of Detroit, amounting to $6,000 as of this date, which mortgages the party of the second part assumes and agrees to pay." The defendant denied the legal execution of the mortgages, and denied that so much was due upon the mortgages as was recited in the deed. He claimed, further, that the bill was fatally defective because the mortgagor was not made a party, and that complainant was not entitled to a personal decree against him because the facts made out no novation which would substitute him as the debtor in place of the mortgagor. And it was held:

HOOKER, J. On May 8, 1886, Burton and Ellsworth executed and delivered to Corning a promissory note for $3,200, and secured it by a mortgage upon real estate. In October, 1887, Burton deeded an undivided half of the premises to Dickerson, the deed stating that it was subject to a mortgage of $3,200 and accrued interest thereon, "one-half of which incumbrance and debt said second party [i. e., Dickerson] assumes and agrees to pay." On November 10, 1887, Ellsworth deeded to Dickerson the other undivided half of the land, by a deed containing similar provisions. On July 25, 1888, said Dickerson conveyed the

a—That the defendant was not in position to dispute either the legal execution of the mortgages, or the amount which his grantor by his deed admitted was at that date due and payable upon them; that defendant was allowed for said amount as a part of the purchase price which was to be paid by him, and the effect of the arrangement was that his grantor ordered it to be paid to the mortgagee; that, if the grantor had legal defenses to the mortgages, he waived them in this arrangement, and, if he directed more to be paid to the mortgagee than was actually due, that fact concerned no one but the mortgagee and himself.

b—That the mortgagor was a proper, but not a necessary, party defendant; that no relief was sought against him, nor could any decree be rendered that would injuriously affect his interests; that, while he might have deductions or claims that he would be entitled to have allowed to him if he were proceeded against on the mortgage debt, he could not complain if the mortgagee collected of defendant the sum that in the sale he had directed the latter to pay over to the mortgagee; that, if this overpaid the mortgage, the mortgagor might call upon the mortgagee to account, but the decree would protect the grantee, and that is all he could insist upon.

c—That it was not essential that there should have been a novation; that it was sufficient that the defendant, as between himself and his grantor, had agreed to pay the mortgage; that this agreement brought the case within the equity of the statute (How. Stat. § 6704), which provides that, "if the mortgage debt be secured by the obligation or other evidence of debt of any other person besides the mortgagor, the complainant may make such person a party to the bill, and the court may decree payment of the balance of such debt remaining unsatisfied, after a sale of the mortgaged premises, as well against such other person

premises to McQueen, a similar provision in the deed re-
quiring him to pay the mortgage mentioned. Subsequently
the executors of Corning filed the bill in this cause, and
obtained a decree of foreclosure and sale upon bill taken
as confessed for want of appearance, under which the
premises were sold by the commissioner, and the usual
proceedings followed. Burton, Ellsworth, Dickerson, and
McQueen were made defendants by the bill. Under a
petition for execution against them for a deficiency, Dick-
erson and McQueen answered, and were heard by counsel.
From a denial of the prayer of this petition, complainants
appeal.

as the mortgagor, and may enforce such decree as in other cases."

4. *Taylor v. Whitmore*, 35 Mich. 97, where the owners of an
undivided one-half of certain lands mortgaged the same for $1,350,
after which they conveyed the lands by warranty deed for an
expressed consideration of $2,400, and the grantee assumed and
agreed to pay the mortgage as a part of said consideration. A
bill was filed to foreclose the mortgage, to which the mortgagors
and their grantee were made parties, and a decree was made in
form against the entire premises, but no personal decree was made
against the grantee. The grantee appealed, claiming that only
the interest which he acquired under his first deed could be
affected by the foreclosure proceedings, and that the remaining
interests, which he afterwards acquired by quitclaim deeds from
the owners, were exempt from the burden of the mortgage.
And, in affirming the decree, it was held that, by accepting a
deed from the mortgagors in which he assumed and agreed to pay
the mortgage, the grantee took the land subject to the payment
of said incumbrance, and also bound himself personally to pay
the same; that it appeared from the evidence that he obtained
conveyances from the owners of the remaining interests in the
land because of the first conveyance, and the representations
made by him or his agent on the strength of that conveyance,
and that he only paid $7 for said latter deeds; that in an action,
therefore, for breach of the covenants of warranty in the deed
from the mortgagors, the amount he would be entitled to recover
would be but small; and that there was nothing in that fact
which would make it inequitable to hold the entire premises sub-
ject to the payment of the mortgage, as in form they were liable
under the mortgage and in the first deed.

Three points are pressed by counsel. for Dickerson, who alone resists here the claim of complainants:

"1. That the record, as it stood when the application for execution was argued and decided, showed that the court never got jurisdiction to make a personal decree against Dickerson.

"2. That the application for leave to file Murphy's second affidavit, showing service of a copy of the underwriting, being substantially an application to amend a return so as to show such jurisdiction, was improperly made after the decision of the case; that, whenever made, notice thereof should have been served on Dickerson personally; and that the order granting the petition was therefore made without jurisdiction, and was nugatory.

"3. That no execution for deficiency can issue against defendant Dickerson, because he was not a party to the

5. *Higman v. Stewart*, 38 Mich. 513, 522, holding that the doctrine which makes a grantee responsible to a mortgagee in consequence of a provision in the grant that the grantee assumes the payment of the mortgage debt has been maintained in two forms:

*a*—Where a special agreement has been made between the seller of the equity of redemption and the purchaser that the mortgage debt shall be considered purchase money, but be left in the hands of the purchaser for the use of the mortgagee, and this, it has been said, affords a valid basis for a direct claim by the mortgagee against the purchaser thus holding the mortgage debt for his use; but this view, however, has been expressly overruled by courts of high authority, and upon the ground of want of privity on the part of the mortgagee.

*b*—Where the grantee, upon consideration, agrees with the grantor to pay his debt, whereby, as between them, the grantee becomes principal debtor and the grantor his surety, and, in accordance with the principle which in equity entitles the chief creditor to receive the benefit of a security held by a surety, the mortgagee creditor is entitled to the benefit of the agreement made by the purchaser of the equity of redemption. In this aspect the doctrine does not contemplate an obligation from the grantee to the mortgagee, but a promise from the grantee to the mortgagor, which may be caused to inure by an equitable subrogation to the mortgagee's benefit; and the court seem to have thought in *Burr v. Beers*, 24 N. Y. 178, that the mortgagor, as actual promissee, was an indispensable party for the purpose of subrogation.

6. *Winans v.. Wilkie*, 41 Mich. 264, holding:

mortgage, and had no contract relations with the mortgagee, and therefore could not be sued at law by the mortgagee to recover the deficiency."

An examination of the files shows that the original subpoena and underwriting were regular. The return of the officer shows that he "served the within subpoena * * * personally * * * by delivering to each of said defendants a true copy of the within subpoena, inscribed copy, * * * and * * * showed * * * the original subpoena, with the seal," etc. It is argued that this is not a sufficient return, and that it was necessary that the return show not only that the subpoena was served, but that the underwriting was also served. The case of

---

*a*—That where the words inserted in the deed, and which are claimed to impose a legal obligation on the grantee to pay an existing mortgage, are of doubtful meaning or ambiguous, evidence showing the value of the premises, or the agreed consideration therefor, and whether a sufficient or any part of the same was retained. by the grantee for the purpose of paying the mortgage indebtedness, is material as an aid in the construction thereof.

*b*—That a person may purchase and accept a conveyance of mortgaged premises *subject* to the incumbrances thereon, and incur thereby no personal responsibility; but where, however, he takes a conveyance assuming therein the incumbrances, he thereby becomes personally responsible for the debt, equally as though an express promise to pay were contained in the deed which he accepts, within the principles laid down in *Crawford v. Edwards*, 33 Mich. 354; *Miller v. Thompson*, 34 Id. 10.

*c*—That where mortgaged premises are sold, and the deed of conveyance contains a clause that the grantee assumes all indebtedness on the premises, and he afterwards takes an assignment of the mortgage to himself, the mortgage is thereby extinguished, and he cannot thereafter assign the same to a third party, and confer upon him any right to foreclose the same.

7. *Booth v. Insurance Co.*, 43 Mich. 299, where the assignee of insolvent debtors, who had accepted a deed of mortgaged premises subject to the payment of the mortgage, filed a bill to determine the amount of the mortgagee's claim against the assignors, so that the assignee might pay the mortgagee a dividend out of the funds in his hands. And, in affirming a decree dismissing the bill, it was held:

*Turrill v. Walker*, 4 Mich. 185, is cited in support of the proposition. That was an action which was attempted to be commenced by declaration and rule to plead. The return failed to show that any notice of the rule to plead was served. It was said that this was an irregularity. The case, however, did not go off on that point, and the Court intimated that the irregularity had been waived.

The cases are not parallel, however. In the commencement of actions at law by declaration the statute (How. Stat. § 7291) requires two things, to be done, viz., file declaration and enter rule to plead. The declaration must be served, and so must a notice of the rule. But there is nowhere any implication that the rule or notice is a

---

*a*—That the assignors incurred a liability only as purchasers of the mortgaged lands, subject to the payment by them of the mortgage; that they never assumed any obligation to the mortgagee, and, if their implied undertaking arising from the acceptance of their deeds was to be treated as a promise on their part to pay the mortgage, it was, nevertheless, a promise on which no suit by the mortgagee could be maintained, because it was a promise not made to the mortgagee, but to third persons.

*b*—That, in a suit to foreclose the mortgage, the party who is chargeable with an implied promise of this sort may be joined as a party defendant, and a decree obtained against him for any deficiency that may exist when the land is sold; that this is only by way of enforcing an equity by subrogation, and, if the party thus made liable is compelled to make payment, he is doubtless entitled to be subrogated to collateral securities, if any, which the mortgagee may have held.

*c*—That, in order to enable the mortgagee to enforce any such equity against the purchasers, it is necessary that the purchasers and the land mortgaged be within the same jurisdiction; that no personal decree can be made in one jurisdiction against parties not personally served or not submitting voluntarily by appearance; that there was therefore in this case, where the purchasers of the land resided in Michigan and the land was in Illinois, neither a direct liability on their part to the mortgagee, nor a contingent liability, except such as depended upon the voluntary action of the purchasers themselves.

8. *Canfield v. Shear*, 49 Mich. 313, where a purchaser bought mortgaged premises of the mortgagor, his deed being expressly

part of the declaration. The notice may be a different and separate paper. It is reasonable, therefore, to hold that its service be shown by the return. The form of chancery subpoenas is prescribed by this Court. By Rule 122 it provided for a change in the form of the subpoena as a means of preventing the misapprehension upon the part of defendants that a personal appearance was required upon the return-day under a pecuniary penalty. The rule provides that in lieu of the old form the new subpoena "shall contain a notice of the filing of the bill, and of the time when appearance may be entered on penalty of default," and adds that "there shall be underwritten a notice designating against what defendants a personal decree is asked." It continues, "Such subpoena shall be

---

made subject to the mortgage, but not in terms obligating him to pay it. The grantee agreed to pay a specified sum for the land, and paid the same except the amount owing on the mortgage, which the mortgagee would not receive, and for this reason its payment was postponed until the mortgage fell due. Both the mortgagor and the agent of the grantee who negotiated the sale understood that the grantee was to make such payment. And it was held that the assumption of the mortgage debt by the grantee, as between himself and the mortgagor, was fully made out; and that to cast upon the mortgagor any deficiency that might exist after a sale would take from him a portion of the purchase price which the grantee agreed to.

9. *Gage v. Jenkinson*, 58 Mich. 169, holding that one who takes a deed of mortgaged land will be personally liable on the fore-closure of the mortgage if his deed expressly binds him to pay the mortgage; but a covenant to do so cannot be implied by either deed or mortgage.

10. *Shelden v. Estate of Warner*, 59 Mich. 444, 449, holding that it is only where a personal decree is sought against sureties, or other persons besides the mortgagor, that such decree must be based on some written obligation.

11. *Winsor v. Ludington*, 77 Mich. 215, holding that in order to authorize a decree for the payment of the deficiency on a fore-closure sale against a third party, under How. Stat. § 6704, the obligation or evidence of debt of such party must be one upon which he can be sued at law to recover the mortgage debt.

in substantial compliance with the form hereto appended." It requires all to be upon one page. The form appended is entitled "Form of Subpoena." This is followed by a form of subpoena proper and the underwriting. This may properly be treated as one instrument, as the Court evidently considered it. A return by an officer that he served a copy of the within subpoena, which subpoena upon its face contains the underwriting, leaves no room to doubt that service was made of all that appears upon its face, and no more. In *Vaughan v. Black*, 63 Mich. 216, the Court held that a failure to serve the notice invalidates a decree for deficiency, but it is not intimated that the officer must return specifically that he served the underwriting. We are of the opinion that the original return was sufficient, and it therefore becomes unnecessary to discuss the question of amendment.

We consider it unnecessary to discuss at length the proposition that a personal decree may be rendered in a foreclosure case against a grantee of the mortgagor, who has accepted a deed stating that it is subject to the mortgage, which the grantee assumes and agrees to pay. It is settled by repeated decisions in this State and in New York, from which state we borrowed the statute (How. Stat. § 6704) which authorizes it. Such decisions will be found collected in the note to section 6704. Just such a decree was rendered in this case by a court having full jurisdiction of the subject-matter and the parties, from which decree defendants did not choose to appeal.

But, if that decree should be thought not conclusive, we have no doubt of the defendant Dickerson's liability upon this record. It is claimed that by his deed to McQueen upon his undertaking to pay he was released from liability. But we think otherwise. When Dickerson bought the premises, a part of the consideration was his promise to pay this mortgage. His grantors had, and still have, a

right to require him to perform that promise, just as much. as the mortgagee has the right to say that the mortgagors are still indebted to him, notwithstanding their sale of the land upon the promise that another would pay the debt. The sale to McQueen does not deprive any one not a party to it of rights then existing against Dickerson. Doubtless equity would say that McQueen was primarily liable, Dickerson next, and the mortgagors last; but all are liable. To hold otherwise would be to say that Dickerson could escape his personal liability, and compel the mortgagors to pay, by deeding to an impecunious person who should assume the debt.

The decree of the circuit court will be reversed, and one entered here in accordance with the prayer of the petition, with costs of both courts.

The other Justices concurred.