John R. Skinner, *as Administrator*, and George Thornton and Elizabeth Thornton v. Rumina Mitchell.

### No. 197.

1. Covenant — *to satisfy mortgage is "personal."*  A covenant to pay off a certain mortgage is a "personal," and not a "real," covenant.

2. Appellate Procedure — *error in admitting or rejecting evidence not specified, no reversal.*  A case will not be reversed on account of error in the admission or rejection of evidence, unless such errors are particularly specified by the plaintiff in error.

3. Demurrer to Evidence — *overruled where evidence sufficient to justify finding for plaintiff.*  Where there is enough evidence to justify the jury in finding for the plaintiff, a demurrer to the evidence should be overruled; the court should not weigh conflicting evidence in passing upon a demurrer.

4. Condition in Bond — *that proceeds thereof be applied to pay mortgage, mortgage otherwise satisfied, bond enforceable.*  T. gave M. a bond for the payment of a fixed amount of money at a date certain, the bond providing that such money should be used for the purpose of paying a portion of a note for which T. was primarily liable, which indebtedness was assumed by M. in consideration of the bond; *held*, that M. may recover the amount of the bond, notwithstanding his payment of the indebtedness for which he had agreed to use the money.

Error from Smith District Court.   Hon. Cyrus Heren, Judge.   Opinion filed March 22, 1897.   *Affirmed.*

This action was brought in the District Court of Smith County by the defendant in error against the plaintiffs in error to recover on a bond which obligated the plaintiffs in error to pay defendant in error a certain sum of money.   The Thorntons, plaintiffs in error, in exchange for some property, conveyed to Mrs. Mitchell, defendant in error, certain real estate, which was mortgaged by the Thorntons, prior to their giving of the bond, to the Smith Brothers Loan and

Skinner, *Administrator*, v. Mitchell.     367

March 22, 1897.     Opinion.   McElroy, J.     C. Div.

Trust Company, in the sum of seven hundred dollars.
The mortgage indebtedness was due about August 1,
1892.    The bond on which this suit was brought was
given to Mrs. Mitchell as an evidence that the Thorn-
tons would pay to her three hundred dollars of
such indebtedness, together with the accruing inter-
est thereon.    Mrs. Mitchell, in consideration of an
exchange of property and of the payment of the
amount of money agreed to be paid in the bond, was
to pay the mortgage indebtedness on this real estate.
About the time the mortgage indebtedness became
due and payable, Mrs. Mitchell conveyed the legal
title to this real estate to the Smith Brothers Loan
and Trust Company, in payment of the mortgage in-
debtedness.    Henry Gordon was the owner and holder
of the mortgage indebtedness, and the Smith Brothers
Loan and Trust Company was his agent, negotiated
the loan for him, and represented him in all of his
business transactions in connection with this mort-
gage indebtedness.    After the title was conveyed to
the Smith Brothers Loan and Trust Company, Henry
Gordon executed a release of the mortgage and caused
the same to be recorded, acknowledging satisfaction
and payment of such indebtedness.    Trial was had
and a verdict rendered in favor of the plaintiff below,
and the Thorntons bring the case here.

*L. C. Uhl*, for plaintiffs in error.

*Frank McKay*, for defendant in error.

McElroy, J.   It is contended on the part of the
plaintiffs in error that this bond is in the nature of a
covenant running with the land, known as a "real"
covenant.    This position is not tenable.    A covenant
to pay off a certain mortgage is personal, even though

368    SKINNER, *Administrator*, v. MITCHELL.

N. Dept.                 Opinion.  McElroy, J.            5 Kan. App.

it is expressly stated in the lease or grant that the covenant shall run with the land. *Campbell v. Johnson*, 4 Dana, (Ky.) 177. See Addison on Contracts, vol. 3, *note* 113, *Appendix*.

1. Covenant to satisfy mortgage is personal.

The plaintiffs in error allege error on the part of the trial court in the admission of evidence, and also in excluding evidence. The plaintiffs in error fail to point out what evidence was received over their objection, and also what evidence was excluded. We have examined the evidence very carefully and we are unable to find any error committed by the trial court in admitting or rejecting evidence, as against the plaintiffs in error.

2. Errors not specified, no reversal.

The plaintiffs in error claim that the trial court committed error in overruling their demurrer to the plaintiff's evidence. The record shows there was competent testimony before the jury as to each material allegation in plaintiff's petition. The plaintiff made a *prima facie* case. There was enough evidence to justify the jury in finding for the plaintiff. In the case of *Harter v. A. T. & S. F. Rld. Co.* (55 Kan. 258), it was said in the opinion delivered by Mr. Justice Allen:

3. Demurrer to evidence overruled, when.

"The rule that upon a demurrer to the evidence the court will not weigh conflicting testimony, but that, if there is any competent testimony tending to support every material averment of the plaintiff's petition, the case must be submitted to the jury, is too well established to require comment, or the citation of numerous authorities."

The court committed no error in overruling the demurrer.

The bond was a promise to pay money. It is true that there is a limitation placed upon the use which

Mrs. Mitchell shall make of the money when she re-
ceives it; that is, that she shall apply the money to the
payment of the mortgage for which the Thorntons were
primarily liable.   They have promised they will make
the payment; the amount is fixed; the date of pay-
ment is fixed; and the only condition, or exception,
is as to the use that shall be made of this fund.   And
this clause which limits the use that shall be made of
this fund is no longer obligatory, since Mrs. Mitchell
has paid the mortgage debt.   It is for the payment of
a debt for which the Thorntons and Mrs. Mitchell are
liable.   If she paid the mortgage debt
from her own funds, she could maintain
this action to reimburse herself.   If she
paid the mortgage indebtedness by a sale and convey-
ance of the real estate, she would be entitled to collect
and keep the money as her own.   If, however, she
collected the money first, as she had a perfect right to
do under the conditions of the bond, then she would
be under obligation to use the money for the purpose
limited in the bond.

4. Condition in
bond complied
with in spirit,
bond valid.

The instructions of the court to the jury correctly
state the law applicable to this case, and the issues
joined by the pleadings.   We find no error committed
by the trial court in giving or refusing instructions.
Under the pleadings and evidence, the plaintiff was
entitled to have judgment upon the verdict for $324
together with interest, and the trial court committed
no error in rendering judgment upon the verdict in
this case.

The judgment will be affirmed.