## DICKERSON *v.* CORNING.

MORTGAGES—DEFICIENCY DECREE—BILL OF REVIEW—SERVICE OF PROCESS.

One against whom a decree for a deficiency passes in foreclosure proceedings, the officer having made return that he was served with process, may on bill of review, when it appears that he was not so served, be given an opportunity to make defense; but the decree against him will not be disturbed on the ground merely that he had no opportunity to attend the sale and see that the property sold for its fair value, if it is not made to appear in fact that the property was sacrificed and that a resale is desired.

Appeal from Midland; Dodds, J. Submitted January 3, .1900. Decided January 23, 1900.

Bill of review by Freeman B. Dickerson against Edward Corning and Anna Corning, executors of the last will and testament of William Corning, deceased. From a decree for defendants, complainant appeals. Affirmed.

*Walker & Spalding*, for complainant.

*Camp & Brooks* and *William G. Gage*, for defendants.

GRANT, J. For a statement of this case, see *Corning* v. *Burton*, 102 Mich. 86, 96. After it was remanded to the court below, Mr. Dickerson filed a bill of review. Defendants answered, and the case was heard upon pleadings and proofs taken in open court. The court held that Mr. Dickerson was not served with the subpœna, and had no knowledge or notice of the foreclosure proceedings until he was served with a petition for execution for the deficiency; that the land was not sold at the foreclosure sale for less than its actual value; that it does not appear that a greater sum would be realized upon another sale; and that Mr. Dickerson was liable for the deficiency. His

counsel now insist that if the court below reached the correct conclusion upon the evidence, that he was not served with process, the decree as to him is absolutely void, and he is discharged from his obligation to pay. The complainants in the foreclosure suit relied upon the return of the sheriff that he had served the subpœna upon Mr. Dickerson. They had the right to act upon that return, and are guilty of no neglect of duty. It would be a harsh and unconscionable rule which would deprive them of any of their legal rights because of the mistake of the officer. While there are authorities which hold that the return of the officer is conclusive after judgment or decree, we think the better rule is that the defendant may appear in the same proceeding by motion to set aside a judgment, or by a bill of review to set aside the decree and sale, and thus give him the opportunity to make a defense to the suit. There are many authorities in support of this rule. A party cannot otherwise be held to have had his day in court, to which every litigant is entitled. It conclusively appears that Mr. Dickerson has had this opportunity, and has been permitted to introduce any defense that he might have. He has made no defense upon the merits. He has therefore suffered no injury. The defendants offered to transfer the entire mortgaged property to him upon payment of the mortgage debt. They have acted equitably and justly with him. It would be inequitable, under these circumstances, to permit him to escape all liability. Counsel, when asked upon the hearing of what right Mr. Dickerson had been deprived, replied that he was entitled to notice of the proceedings, so that he might attend the sale and see that the property sold for its fair value. He does not ask for a resale. There would be much force in this claim if it appeared that the property sold for less than its value, and he now asked for a resale. We are cited to no authority which holds that, where judgments and decrees are set aside in direct proceedings for failure to serve process, the defendant is held to be discharged. He has obtained all the rights to which he was entitled when he has

been permitted to appear and interpose his defense.   He could have done nothing more if he had been served with process.

There are other interesting questions in the case, but this disposal of it renders their discussion unnecessary. We think the decree of the court was correct, and it is affirmed.

The other Justices concurred.