ROWENA GOODENOUGH, executrix, *vs.* ALFRED C. LABRIE & another.

Hampden.    September 27, 1910. — October 27, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ

*Mortgage,* Of real estate.    *Estoppel,* By deed.    *Equity Jurisdiction,* Estoppel.

The owner of the equity of redemption of a parcel of real estate subject to a certain mortgage, who acquired his title by a quitclaim deed conveying to him all the right, title and interest of his grantor in the property and reciting that the grantee by his acceptance of the deed assumed and agreed to pay the mortgage named, is under no obligation to the holder of this mortgage to refrain from purchasing and holding a prior mortgage, the existence of which was unknown to him and to his grantor when he took his quitclaim deed, and he will not be restrained in equity from enforcing such underlying mortgage against the holder of the mortgage which he agreed with his grantor to assume and pay, he having made no agreement of any kind with such holder, and having made, even with his grantor, no agreement in regard to the underlying mortgage.

BILL IN EQUITY, filed in the Superior Court on March 25, 1910, by the holder of a mortgage on a certain parcel of land in the town of Blandford, the equity of redemption of which was owned and held by the defendant Alfred C. Labrie, to restrain him and the other defendant Mary C. Labrie, his daughter, from foreclosing or otherwise enforcing or dealing with a prior mortgage on the same land purchased by the defendant Alfred

and standing in the name of the defendant Mary, and to have this underlying mortgage adjudged to be discharged.

In the Superior Court the case was submitted to *Schofield*, J., upon an agreed statement of facts, " the court to have full liberty to draw all inferences of fact therefrom." The judge made certain findings of fact which are stated in substance in the opinion. He made an order that the bill be dismissed, which was followed by a final decree to that effect. The plaintiff appealed.

*H. A. Buzzell*, for the plaintiff.

*W. R. Heady*, for the defendants.

KNOWLTON, C. J. The plaintiff is the holder of a mortgage upon real estate and the male defendant is the owner of the equity of redemption. This defendant's title is derived under a series of quitclaim deeds, each reciting the existence of this mortgage, and the later ones containing a recital that the grantee assumes and agrees to pay the mortgage as a part of the purchase price. The first of them, that made by the mortgagor to the first grantee of the equity of redemption, merely states the existence of the mortgage, without anything in regard to the assumption or payment of it. Both the plaintiff and this defendant supposed that this was the first and only mortgage on the property until after the plaintiff had begun proceedings to foreclose it, when it was discovered that there was a prior mortgage duly recorded, upon which about $600 was due, and that there were sundry other serious defects in the title. On account of the existence of the prior mortgage, the plaintiff discontinued the proceedings for foreclosure, to see what could be done in reference to the title. The defendant took measures to perfect the title except as to these mortgages, and he procured an assignment of the first mortgage to be made to his daughter, the other defendant, for a consideration furnished by him. He must, therefore, be treated as the owner of the first mortgage. The plaintiff brings this bill, asking that the assignment to the daughter be treated as a discharge of the first mortgage and that she be enjoined from selling, assigning, transferring or foreclosing the mortgage.

From the statement of agreed facts and the inferences drawn from them the judge rightly found that, after the discontinuance of the proceedings to foreclose, each party was free to proceed

in the way which seemed to him best to protect his own interests. In connection with these proceedings and the discontinuance of them nothing occurred that affected the rights of the defendants in regard to the first mortgage.

The only question in the case is whether the implied agreement of the first defendant with his grantor, to assume and pay the plaintiff's mortgage, founded on the recital in the deed, precludes him from buying and holding the first mortgage. This agreement was not with the plaintiff, and the plaintiff cannot bring an action at law to enforce it. *Coffin* v. *Adams*, 131 Mass. 133. *Borden* v. *Boardman*, 157 Mass. 410, 412, and cases cited. It was not a covenant. The acceptance of the deed merely created an implied contract of the defendant, upon which the grantor can sue in assumpsit to recover any damages which he suffers from the breach of it. But this grantor was under no liability on account of the mortgage, except that founded upon a similar implied contract with his grantor; and the first of these grantors after the conveyance of the equity by the mortgagor was under no liability; for the deed to him did not require him to assume the mortgage. Neither this defendant nor any of the other preceding grantees made any agreement in regard to the first mortgage, for they all, like this plaintiff, were ignorant of its existence. Their only agreement relates specifically to the plaintiff's mortgage, and no one of them made any agreement with the plaintiff himself, but only with a third party.

The nature and effect of such an agreement are considered at length in *Locke* v. *Homer*, 131 Mass. 93, and *Rice* v. *Sanders*, 152 Mass. 108. Of the effect of the agreement as between the immediate parties to it we find this language in the latter case: "It is said in many cases, that primarily the mortgage is a charge upon the land, but it would be more accurate to say that it is made primarily a charge upon the purchase money reserved by the grantee to pay it." As this purchase money is not required to be furnished at the time by the grantee, but is allowed to remain in his hands, where it is represented by the land, this charge takes effect upon the land, as between the immediate parties to the contract. That is, it takes effect upon the estate which is conveyed and for which the grantee is to pay. Applying this principle in the present case, even as between the parties

to the implied agreement, the plaintiff's mortgage was treated as a charge only upon the estate which the grantor purported to convey, and which, by the terms of the quitclaim deed, was only his right, title and interest in the property, whatever that might prove to be. It now appears that the estate conveyed was subject to the first mortgage, of which they were then ignorant, and, as between the contracting parties, the plaintiff's mortgage was not charged upon so much of the property as is required to satisfy the first mortgage. There was not only no contract between these parties, but there is no privity of contract by way of covenant, nor any privity of estate that creates a legal or equitable estoppel against the defendants or either of them to prevent them from holding the first mortgage against the plaintiff, after a purchase of it. *McCabe* v. *Swap*, 14 Allen, 188. *Lydon* v. *Campbell*, 198 Mass. 29. 2 Pom. Eq. Jur. § 798.

*Bill dismissed.*