WALTER A. McDONALD v. M. B. FINSETH, and C. H. Langley, E. G. Langley, and Ernest Engel.

(155 N. W. 863.)

**Third person — promise for benefit of — action by — to enforce — consideration — knowledge of such promise — not necessary.**

    1. When one makes a promise to another for the benefit of a third person, such third person can maintain an action upon the promise, even though the consideration does not run directly from him, and even though at the time he knew nothing of the promise to pay him.

---

Note.—The remark of Judge Marshall in Tweeddale v. Tweeddale, 116 Wis. 517, 61 L.R.A. 509, 96 Am. St. Rep. 1003, 93 N. W. 440, that there is probably as much confusion in the judicial holdings as to the right of a third person to sue on a contract made for his benefit as on any question of law that can be mentioned, is borne out by the variety of views and decisions to be found in the reported cases, which are exhaustively reviewed in notes in 25 L.R.A. 257, and 2 L.R.A. (N.S.) 783.

**Grantee — mortgaged premises — purchase subject to mortgage — payment assumed — liable for deficiency on foreclosure — grantor personally liable.**

2. The grantee of mortgaged premises who purchases subject to a mortgage which he assumes and agrees to pay will be held liable for a deficiency arising on a foreclosure and sale, even though his grantor is not personally liable for the payment of the mortgage.

**Mortgage — mortgagor selling property — subject to mortgage — subsequent grantees — assuming payment of mortgage — liable for full amount of mortgage.**

3. Where A agrees to loan B $2,000, and takes a note and mortgage therefor, and at the time fails to pay to B the full sum of $2,000 on account of a shortage of funds, and before he can pay the same the mortgagor sells the property to C, subject to said mortgage, though no agreement to pay or assume the same is given in such deed, and A and B then agree that A shall collect the full sum of $2,000 on the mortgage when it falls due, and shall pay the balance over what he had actually paid to B, and which is $600, when the money is so collected, and gives to B a written obligation binding himself to pay the said sum of $600 and to collect the same, and the land is afterwards sold by C to subsequent grantees who specifically agree to assume and pay the said mortgage, A may, on a foreclosure of the mortgage against the last grantee, collect the full sum of the said mortgage note, namely, $2,000.

**Cotenant — not allowed to assert ignorance of terms of deed — assuming payment of mortgage — delivery of deed — possession of premises — without questioning terms of deed — interest — payment on.**

4. A cotenant will not be allowed to assert ignorance of the terms of a deed by which he, together with his cotenant, assumes and agrees to pay a mortgage debt on the land, on the ground that the deed was not delivered to him, but to his cotenant, and he has had no knowledge of its terms, and his cotenant had no authority to agree to such assumption, when, with full knowledge of the fact that the same had been received and had been recorded, he remains in the possession of the premises, together with his cotenant, for nearly three years, without questioning the terms of the deed or the authority of his cotenant to receive the same, and himself pays interest on the indebtedness secured by the mortgage, which was so assumed during such time.

Opinion filed December 14, 1915.   Rehearing denied January 8, 1916.

Appeal from the District Court of Burleigh County, *Nuessle,* J.   Action to foreclose a mortgage and for a deficiency decree.   Judgment for plaintiff.   Defendant appeals.

Affirmed.

32 N. D.—26.

Statement of facts by BRUCE, J.

This is an action for the foreclosure of a mortgage and for a deficiency decree, and comes before us for a trial *de novo* after judgment being rendered in the trial court in favor of the plaintiff. The question at issue is whether the defendant M. B. Finseth assumed the mortgage, and, even if he did, whether the present plaintiff, Walter A. McDonald, can hold him personally liable for the deficiency decreed against him. The mortgage which the plaintiff seeks to foreclose was executed on January 31, 1910, by one Charles H. Woodbury and wife and was given to secure a note of the face value of $2,000. It appears, however, that the amount which was actually paid to the Woodburys was only $1,400, the explanation for this transaction being that at the time of the loan McDonald did not have the full $2,000, and paid the Woodburys only $1,400; that shortly thereafter and on March 4, 1911, and before the payment of the balance, the Woodburys transferred the property to one Ernest Engel and that it was therefore agreed that McDonald should collect the whole $2,000, and after he had collected the same should pay the $600 to them, the plaintiff testifying that he had executed an obligation which bound him to pay this balance and to collect the amount. This deed from the Woodburys to Ernest Engel was for a recited consideration of $10,525. There was in it no mention of the plaintiff's mortgage except a covenant that "the premises are free from all encumbrances excepting a mortgage of $2,000 to Walter A. McDonald." There was no specific agreement to pay the mortgage on the part of the grantee, and there were the usual covenants of title and of quiet possession. No parol evidence was introduced on the trial to show any oral or collateral agreement to pay this mortgage, or to show that its payment constituted part of the purchase price. Later, and on March 27, 1911, Engel and his wife executed a deed of the premises for the alleged consideration of $10,500 to C. H. Langley and E. J. Langley. This deed contained the provision that "the premises are free from all encumbrances except a mortgage for $2,000 *which second parties (the Langleys) assume and agree to pay with accrued interest from February 1, 1911.*" Later and on June 1, 1911, the Langleys executed a warranty deed of the premises for the recited consideration of $10,500 to the defendant and appellant, M. B. Finseth, and to H. A. Hallum. This deed contained in the covenant against encumbrances

the following clause: "that the premises are free from all encumbrances except a mortgage for *$2,000 which second parties (Finseth and Hallum) agree to pay with accrued interest from February 1, 1911.*" It appears that this deed was delivered only to the grantee Hallum, and that appellant, Finseth, did not actually know of the assumption clause contained therein until later, when he found it upon the records of Burleigh county. The trial court found the amount due upon the indebtedness to the plaintiff, McDonald, to be the sum of $2,350, with interest at 10 per cent from January 31, 1913, and, the mortgage containing the usual deficiency clause, adjudged and decree that "in case the property shall not bring a sum sufficient on the sale thereof to pay the entire debt, interest, and taxes, that the plaintiff shall have and recover a deficiency judgment against the defendant, M. B. Finseth, if any there be." From this judgment plaintiff has appealed, and asks for a trial *de novo.* This contention is: (1st) That there was no privity of contract between himself and the mortgagee, McDonald, and therefore no assumption of the mortgage by him; (2d) that the mortgagee, McDonald, only paid to the Woodburys, the original mortgagors, the sum of $1,400, and that in no case can he be held liable for the difference between the sum of $1,400 and $2,000, which the mortgage ostensibly secured. He argues that his liability can only be founded on the assumption clause in the deed to him from the Langleys; that the covenants of the Woodburys, the original mortgagors and grantors, to Ernest Engel, only stated that the land was free from all encumbrances excepting a mortgage of $2,000, to W. A. McDonald; that this was merely a limitation upon the covenant of title and quiet possession made by the grantor, and in no way constituted an assumption of the mortgage or an agreement to pay the same by the grantee, Engle; and that there is in the record even, no evidence that the amount of the mortgage was deducted from the purchase price and entered into the consideration for the transfer.

*S. E. Ellsworth* and *F. H. Register,* for appellant.

"An express exception contained only in the covenant against encumbrances, in a deed to real property, of a mortgage upon the land, in the absence of qualifying words making the grant of the deed subject to such encumbrance, or making the restriction upon the covenant

against encumbrance apply also to the covenant of warranty, or general-ly to all the covenants of the deed, does not except such mortgage from the covenant of warranty." Smith v. Gaub, 19 N. D. 337, 123 N. W. 827; Fry v. Ausman, 29 S. D. 30, 39 L.R.A.(N.S.) 150, 135 N. W. 708, Ann. Cas. 1914C, 842.

"A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." Comp. Laws 1913, § 5841; King v. Whitely, 10 Paige, 465; Cashman v. Henry, 55 How. Pr. 234; Garnsey v. Rogers, 47 N. Y. 233, 7 Am. Rep. 440; Wilbur v. Warren, 104 N. Y. 192, 10 N. E. 263; Lorillard v. Clyde, 122 N. Y. 498, 10 L.R.A. 113, 25 N. E. 917; Wager v. Link, 134 N. Y. 122, 31 N. E. 213; Durnherr v. Rau, 135 N. Y. 219, 32 N. E. 49; King v. Sullivan, 31 App. Div. 549, 52 N. Y. Supp. 130; Trotter v. Hughes, 12 N. Y. 74, 62 Am. Dec. 137; Pardee v. Treat, 82 N. Y. 385; Wager v. Link, 150 N. Y. 549, 44 N. E. 1103; Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195.

"A party suing must show that a contract to which he is not a party has been made for his benefit, in order to maintain his action." Parlin v. Hall, 2 N. D. 473, 52 N. W. 405; Chung Kee v. Davidson, 73 Cal. 522, 15 Pac. 100; Biddel v. Brizzolara, 64 Cal. 354, 30 Pac. 609; Fry v. Ausman, 29 S. D. 30, 39 L.R.A.(N.S.) 150, 135 N. W. 710, Ann. Cas. 1914C, 842; Vrooman v. Turner, 69 N. Y. 284, 25 Am. Rep. 195; King v. Whitely, 10 Paige, 465; Brown v. Stillman, 43 Minn. 126, 45 N. W. 2; Nelson v. Rogers, 47 Minn. 103, 49 N. W. 526; Jefferson v. Asch, 53 Minn. 446, 25 L.R.A. 257, 39 Am. St. Rep. 618, 55 N. W. 605; Clement v. Willett, 105 Minn. 267, 17 L.R.A. (N.S.) 1094, 127 Am. St. Rep. 562, 117 N. W. 491, 15 Ann. Cas. 1053; Kramer v. Gardner, 104 Minn. 370, 22 L.R.A.(N.S.) 492, 116 N. W. 925; Wood v. Johnson, 117 Minn. 267, 135 N. W. 747.

The liability of a grantee who assumes the payment of a mortgage depends upon the personal liability of his immediate grantor. If the grantor is not liable, the mortgagee cannot claim any deficiency from such grantee. Morris v. Mix, 4 Kan. App. 654, 46 Pac. 58; New England Trust Co. v. Nash, 5 Kan. App. 739, 46 Pac. 987; Skinner v. Mitchell, 5 Kan. App. 366, 48 Pac. 450; Ward v. De Oca, 120 Cal. 102, 52 Pac. 130; Biddel v. Brizzolara, 64 Cal. 354, 30 Pac. 609; Y. M. C. A. v. Croft, 34 Or. 106, 75 Am. St. Rep. 568, 55 Pac. 439;

Eakin v. Schultz, 61 N. J. Eq. 156, 47 Atl. 274; Norwood v. De Hart, 30 N. J. Eq. 412; Wise v. Fuller, 29 N. J. Eq. 257; Crone v. Stinde, 156 Mo. 262, 55 S. W. 863, 56 S. W. 907; Goodenough v. Labrie, 206 Mass. 599, 138 Am. St. Rep. 411, 92 N. E. 807; Willard v. Wood, 135 U. S. 309, 34 L. ed. 210, 10 Sup. Ct. Rep. 831; 27 Cyc. 1355, 1356; Wiltsie, Mortg. Foreclosure, § 227; 9 Enc. Pl. & Pr. 469.

*M. C. Freerks,* for respondent.

"The contract by which a grantee assumes the payment of existing encumbrances is separate from the conveyance. It may be, and often is, embodied in the deed; but it may be by separate writing, or may rest entirely in parol." Moore v. Booker, 4 N. D. 549, 62 N. W. 607; Wright v. Briggs, 99 Ind. 563; Merrman v. Moore, 90 Pa. 78; Lamb v. Tucker, 42 Iowa, 118; Winans v. Wilkie, 41 Mich. 264, 1 N. W. 1049; Wilson v. King, 23 N. J. Eq. 150; Johnson v. Harder, 45 Iowa, 677; Ross v. Kennison, 38 Iowa, 396; Thompson v. Bertram, 14 Iowa, 476; Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195; Douglass v. Wells, 18 Hun, 88; Crowell v. Hospital of St. Barnabas, 27 N. J. Eq. 650; Conover v. Brown, 29 N. J. Eq. 510; Jones, Mortg. 758, cases cited in notes; McArthur v. Dryden, 6 N. D. 438, 71 N. W. 125; Williams v. Naftzger, 103 Cal. 438, 37 Pac. 411; Alvord v. Spring Valley Gold Co. 106 Cal. 547, 40 Pac. 27; Laderoute v. Chale, 9 N. D. 336, 83 N. W. 218; Watts v. Welman, 2 N. H. 458; Allen v. Lee, 1 Ind. 58, 48 Am. Dec. 352; Medler v. Hiatt, 8 Ind. 171; Pitman v. Conner, 27 Ind. 337; Fitzer v. Fitzer, 29 Ind. 468; Blood v. Wilkins, 43 Iowa, 567; Wachendorf v. Lancaster, 66 Iowa, 458, 23 N. W. 922; Becker v. Knudson, 86 Wis. 14, 56 N. W. 192; Burbank v. Gould, 15 Me. 118; Laudman v. Ingram, 49 Mo. 212; Preble v. Baldwin, 6 Cush. 549; Brackett v. Evans, 1 Cush. 79; Sidders v. Riley, 22 Ill. 110; Corbett v. Wrenn, 25 Or. 305, 35 Pac. 658.

The liability of a grantee who assumes prior encumbrances depends upon his contract, rather than upon the liability of his grantor. Harberg v. Arnold, 78 Mo. App. 237; Heim v. Vogel, 69 Mo. 529; Birke v. Abbott, 103 Ind. 1, 53 Am. Rep. 474, 1 N. E. 485; Hare v. Murphy, 45 Neb. 809, 29 L.R.A. 851, 64 N. W. 211; Little v. Thoman, 4 Ohio Dec. Reprint, 513; McKay v. Ward, 20 Utah, 149, 46 L.R.A. 623, 57 Pac. 1024; Cobb v. Fishel, 15 Colo. App. 384, 62 Pac. 625; Merriman v. Moore, 90 Pa. 78; Enos v. Sanger, 96 Wis. 150, 37 L.R.A. 862, 65

Am. St. Rep. 38, 70 N. W. 1069; Dean v. Walker, 107 Ill. 540, 47 Am. Rep. 467; Bay v. Williams, 112 Ill. 91, 54 Am. Rep. 209, 1 N. E. 340; Hare v. Murphy, 45 Neb. 809, 29 L.R.A. 851, 64 N. W. 211; Shuler v. Hardin, 25 Ind. 386; Atherton v. Toney, 43 Ind. 211; Maher v. Lanfrom, 86 Ill. 513; Freeman v. Auld, 44 N. Y. 50; Hardin v. Hyde, 40 Barb. 435; Green v. Turner, 38 Iowa, 112; Greither v. Alexander, 15 Iowa, 470.

Such grantee so assuming or taking subject to a mortgage cannot be heard to dispute the amount and validity of the mortgage; nor can he set up duress, illegality of consideration, or coverture of one of the mortgagees. Foy v. Armstrong, 113 Iowa, 629, 85 N. W. 753; Willis v. Terry, 15 Ky. L. Rep. 753, 24 S. W. 621; Johnson v. Thompson, 129 Mass. 398; McNaughton v. Burke, 63 Neb. 704, 89 N. W. 274; Arlington Mill & Elevator Co. v. Yates, 57 Neb. 286, 77 N. W. 677; Pass v. Lynch, 117 N. C. 453, 23 S. E. 357; Mott v. Maris, — Tex. Civ. App. —, 29 S. W. 825; Washington, O. & W. R. Co. v. Cazenove, 83 Va. 744, 3 S. E. 433; First Nat. Bank v. Honeyman, 6 Dak. 275, 42 N. W. 771; Gage v. Cameron, 212 Ill. 146, 72 N. E. 204; Jehle v. Brooks, 112 Mich. 131, 70 N. W. 440; Strong v. Converse, 8 Allen, 557, 85 Am. Dec. 732; Drury v. Tremont Improv. Co. 13 Allen, 168; Weed Sewing Mach. Co. v. Emerson, 115 Mass. 554; Schley v. Fryer, 110 N. Y. 71, 2 N. E. 280; Corning v. Burton, 102 Mich. 86, 62 N. W. 1040; Hendricks v. Brooks, 80 Kan. 1, 133 Am. St. Rep. 186, 101 Pac. 622; Frick Co. v. Hoff, 26 S. D. 360, 128 N. W. 495; Kimm v. Wolters, 28 S. D. 255, 133 N. W. 277; Peasley v. McFadden, 68 Cal. 611, 10 Pac. 179.

Bruce, J., (after stating the facts as above). There is a decided conflict in the authorities upon the question which is before us, and some courts hold to the rule that the grantee of mortgaged premises who purchases subject to a mortgage which he assumes and agrees to pay will not be liable for a deficiency arising on a foreclosure and sale, unless his grantor is also liable, legally and equitably, for the payment of the mortgage, and that if there is a break anywhere in the chain of liability, all of the subsequent purchasers are without obligation in so far as the mortgagee is concerned, and that the promise of the last grantee only operates as an indemnity to his immediate grantor. See dissenting

opinion in McKay v. Ward, 20 Utah, 149, 46 L.R.A. 623, 57 Pac. 1024; Fry v. Ausman, 29 S. D. 30, 30 L.R.A.(N.S.) 150, 135 N. W. 710, Ann. Cas. 1914C, 842; Brown v. Stillman, 43 Minn. 126, 45 N. W. 2; Nelson v. Rogers, 47 Minn. 103, 49 N. W. 526; Vrooman v. Turner, 69 N. Y. 284, 25 Am. Rep. 195; King v. Whitely, 10 Paige, 465; Morris v. Mix, 4 Kan. App. 654, 46 Pac. 58; New England Trust Co. v. Nash, 5 Kan. App. 739, 46 Pac. 987; Skinner v. Mitchell, 5 Kan. App. 366, 48 Pac. 450; Ward v. De Oca, 120 Cal. 102, 52 Pac. 130; Biddel v. Brizzolara, 64 Cal. 354, 30 Pac. 609; Y. M. C. A. v. Croft, 34 Or. 106, 75 Am. St. Rep. 568, 55 Pac. 439; Eakin v. Shultz, 61 N. J. Eq. 156, 47 Atl. 274; Norwood v. De Hart, 30 N. J. Eq. 412; Wise v. Fuller, 29 N. J. Eq. 257; Crone v. Stinde, 156 Mo. 262, 55 S. W. 863, 56 S. W. 907; Goodenough v. Labrie, 206 Mass. 599, 138 Am. St. Rep. 411, 92 N. E. 807; Hicks v. Hamilton, 144 Mo. 495, 66 Am. St. Rep. 431, 46 S. W. 432; Willard v. Wood, 135 U. S. 309, 34 L. ed. 210, 10 Sup. Ct. Rep. 831; Wiltsie, Mortg. Foreclosure, § 227; 9 Enc. Pl. & Pr. 469.

If we adopt this rule, it is perfectly clear that the trial court erred in rendering judgment for the plaintiff and respondent, and that such judgment should be reversed, for, although it is perfectly clear from the record that in the deed from the Langleys to Finseth, Finseth assumed and agreed to pay the mortgage, and that in the deed from Engel to the Langleys, the Langleys also agreed to pay the mortgage, it is not clear that in the deed from the Woodburys to Engel, made any such agreement or assumption; that the chain was therefore broken, and according to the authorities cited there would be no privity of contract between the mortgagee, McDonald, and the defendant M. B. Finseth. We believe, however, that the cases mentioned are unsound in principle, and prefer to follow the other line of authorities, which appear to us to express the better rule. The cases cited by counsel for appellant, indeed, seem to totally ignore, in their conclusions at any rate, even if not in their reasoning, the well-established rule of law that when one makes a promise to another for the benefit of a third person, such third person can maintain an action upon the promise, even though the consideration does not run directly from him, and even though at the time he knew nothing of the promise to pay him. Hare v. Murphy, 45 Neb. 809, 29 L.R.A. 851, 64 N. W. 211; McKay v. Ward, 20 Utah,

149, 46 L.R.A. 623, 57 Pac. 1024; Rev. Codes 1895, § 3840; Crone v. Stinde, 156 Mo. 262, 55 S. W. 863, 56 S. W. 907, overruling Hicks v. Hamilton, 144 Mo. 495, 66 Am. St. Rep. 431, 46 S. W. 432.

This is certainly the rule which has been announced by this court in construing § 3840, Rev. Codes 1895, which provides that "a contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." In the case of McArthur v. Dryden, 6 N. D. 438, 71 N. W. 125, we said: "Section 3840, above quoted, contemplates a contract resting upon a present consideration passing between the two contracting parties, and with which the third party has no connection. One of the most common instances of such a contract arises when a mortgagor of real property sells the same, and the grantee, as a part of the consideration, promises and agrees with the mortgagor that he will pay the mortgage debt. Here the conveyance of the property furnishes the consideration for the grantee's promise, and the mortgagee may maintain an action against him. He becomes the principal debtor, and, while the mortgagor is not released, yet, as to the grantee, he stands in the position of a surety. Moore v. Booker, 4 N. D. 543, 62 N. W. 607."

And we are not unaware of the holding in Parlin v. Hall, 2 N. D. 473, 52 N. W. 405, and come to our conclusion in spite of that decision. In our minds, indeed, that case is in no way parallel with the one at bar, as in it the defendant did not agree to pay any debt, or to pay anyone, or to be directly responsible to any third party, but merely "to pay to said first party all the sums which he pays on said guaranty, or advances in pursuance of this agreement." This is clearly not a promise to pay any third party. In the case at bar the defendant Finseth expressly agreed in his deed from the Langleys to pay a mortgage of $2,000, and we must assume that this amount was deducted from the purchase price of the land. 3 Pom. Eq. Jur. 3d ed. § 1205; Maher v. Lanfrom, 86 Ill. 513; Freeman v. Auld, 44 N. Y. 50; Hardin v. Hyde, 40 Barb. 435; Fuller v. Hunt, 48 Iowa, 163; Green v. Turner, 38 Iowa, 112; Greither v. Alexander, 15 Iowa, 470; Gage v. Cameron, 212 Ill. 146, 72 N. E. 204; Jehle v. Brooks, 112 Mich. 131, 70 N. W. 440; Strong v. Converse, 8 Allen, 557, 85 Am. Dec. 732; Drury v. Tremont Improv. Co. 13 Allen, 168; Weed Sewing Mach. Co. v. Emerson, 115 Mass. 554; Schley v. Fryer, 100 N. Y. 71, 2 N. E. 280;

Corning v. Burton, 102 Mich. 86, 62 N. W. 1040. The case, indeed, is no different from one in which A, who is anxious to sell his land, and also to give his son a present, agrees to sell it to B for $4,000 on the consideration that $3,000 shall be paid to him in cash, and the $1,000 balance of the purchase price shall be paid to his son. The last assumption, indeed, is an original promise on the part of the grantee, Finseth, to pay the plaintiff, McDonald, a certain sum of money, and, under what we believe to be the better line of authorities, can be and is properly supported by the consideration afforded by the transfer of land to him, and by the fact that the amount of the mortgage was deducted from the purchase price, and this, even though there was no direct dealing between him and the plaintiff mortgagee. Crone v. Stinde, 156 Mo. 262, 55 S. W. 863, 56 S. W. 907 (overruling Hicks v. Hamilton, 144 Mo. 495, 66 Am. St. Rep. 431, 46 S. W. 432, and Harberg v. Arnold, 78 Mo. App. 237, and Heim v. Vogel, 69 Mo. 529); Birke v. Abbott, 103 Ind. 1, 53 Am. Rep. 474, 1 N. E. 485; Hare v. Murphy, 45 Neb. 809, 29 L.R.A. 851, 64 N. W. 211; Little v. Thoman, 4 Ohio Dec. Reprint, 513; McKay v. Ward, 20 Utah, 149, 46 L.R.A. 623, 57 Pac. 1024; Cobb v. Fishel, 15 Colo. App. 384, 62 Pac. 625; Marble Sav. Bank v. Mesarvey, 101 Iowa, 285, 70 N. W. 198; Merriman v. Moore, 90 Pa. 78; Brewer v. Dyer, 7 Cush. 337; Enos v. Sanger, 96 Wis. 150, 37 L.R.A. 862, 65 Am. St. Rep. 38, 70 N. W. 1069; Dean v. Walker, 107 Ill. 540, 47 Am. Rep. 467; Bay v. Williams, 112 Ill. 91, 54 Am. Rep. 209, 1 N. E. 340.

So, too, it is immaterial whether the original mortgagor in fact received from the plaintiff the full sum of $2,000 or not, or whether, as claimed by the defendant, $600 of the $2,000 has never been paid to the original mortgagor. The evidence shows that this $600 was not paid, but was kept back for a short time, with the consent of both parties, on account of the immediate lack of funds of the mortgagee, and that in the interim the original mortgagors, the Woodburys, deeded the property to Ernest Engel, such deed containing the provision that the premises were "free from all encumbrances except a mortgage of $2,000 to Walter A. McDonald." It is true that under the holding of this court in the cases of Smith v. Gaub, 19 N. D. 337, 123 N. W. 827, and Sommers v. Wagner, 21 N. D. 531, 131 N. W. 797, Ernest Engel, the grantee of the Woodburys, was not himself bound to pay the mortgage

debt, and that "an express exception contained only in the covenant against encumbrances in a deed to real property of a mortgage upon the land, in the absence of qualifying words making the granting of the deed subject to such encumbrance, and making the restriction upon the covenant against encumbrances apply also to the covenant of warranty, and generally to all the covenants in the deed, does not except such mortgage from the covenant of warranty." The deed from the Woodburys to Engel, indeed, contained the provision that the "parties of the first part (the Woodburys) for themselves, their heirs, executors and administrators, do covenant with the party of the second part, his heirs and assigns, that they are well seised of the land and premises aforesaid, and have good right to sell and convey the same in the manner and form aforesaid; that the same are free from all encumbrances except a mortgage of $2,000 to Walter A. McDonald; and the above bargained and granted land and premises in the quiet and peaceable possession of said party of the second part, his heirs and assigns, against all persons lawfully claiming or to claim the whole or any part thereof, the said parties of the first part will warrant and defend." It is also true that though it might have been shown by parol evidence that the amount of the $2,000 mortgage was deducted from the purchase price, there is no such proof in the record.

The fact remains, however, that the last grantee, the defendant Finseth, specifically agreed to pay the $2,000 mortgage, and the question before us is merely whether the plaintiff, McDonald, can, in a court of equity, take advantage of the promise and assert his claim. It is perfectly clear that he could have asserted it against the original mortgagors, the Woodburys; for the testimony shows that McDonald had agreed with these parties to collect the full amount of the mortgage note, and had given back to them an obligation by which he had agreed to pay them this amount of money when so collected. His testimony is as follows: "I do not believe I ever met the defendant Finseth,—may have seen him. The full amount, $2,000, was not paid by me, only $1,400, plus interest and an acknowledgment for $600. Instead of giving these people $600 in cash, to save making up a new set of papers, I gave them an acknowledgment that when the note would be paid I would give them $600, and that acknowledgment has never been taken up. I was not to pay it until this note of $2,000 was paid. That was

the understanding on this $600, which they have never received as a part of the $2,000, and has been drawing interest. If the note is not paid by the makers, I would say that the only consideration that secures this mortgage is $1,400. I gave them $1,400. I never gave them any other money. I have not paid anything on the $600 acknowledgment. I was not planning on paying it until the note here in question, of $2,000, was paid. All that I am out at the present time is $1,400 and interest and some costs. I have collected the interest on the $2,000 note up to January 31, 1913, I think. My agreement to pay the $600 has never been surrendered, and is still an outstanding obligation against me. I have collected $600 interest up to January 31, 1913—10 per cent."

Even though the deed from the Woodburys to Engel would preclude the idea that Engel agreed to assume and pay the mortgage debt, still the fact remains that the sum would be a lien upon the premises, and the title of the grantee would be subject thereto, and the presumption would be, even without proof, that that amount of money was deducted from the purchase price. Although, indeed, to quote the language in the opinion of Smith v. Gaub, supra, and in relation to the modification of the covenant of warranty by the statement that the premises were free from all encumbrances except the mortgage specified, "if plaintiff had wished or intended to except the mortgage from the covenant of warranty, he could easily have done so by making the restriction upon the covenant against encumbrances apply to all the covenants of the deed. In view of the ease with which it may be accomplished, it is inconceivable that a careful conveyancer in a document so formal and important as a deed should fail to make the exception in some such manner." This court must, nevertheless, take judicial notice of the well-established customs of business and trade, and it will not be presumed, in the absence of proof, that any person would take a deed to land which was subject to a mortgage without deducting such amount from the purchase price, nor that he would rely entirely on the covenants of warranty of his grantor to protect his purchase. The fact, indeed, that the interest on the full $2,000 was paid up to the 31st day of January, 1913, and partly by the defendant himself, adds emphasis to this presumption. Whether or not the plaintiff had paid to his original mortgagor the full amount of the mortgage note, indeed, is a matter

which lies between such original mortgagor and the plaintiff. So far as the defendant in this action is concerned, and his immediate grantor, none of such parties can be held to have paid their debts or complied with the provisions of their agreements of purchase until they have paid the $2,000; and since in their deeds they expressly agreed to assume and pay the mortgage, under all of the authorities the presumption would be that the full amount was deducted from the purchase price, and that the same was retained by them for the very purpose of paying the same.

They had, in short, agreed to pay this debt to the grantors in a certain manner, and this included the paying of $2,000 and interest to the owner of the mortgage; and we can see no reason why these contracts were not valid and could not be enforced.

Nor is there any merit in the contention that the deed was not delivered to the defendant Finseth, but to his cotenant, H. A. Hallum, and that said cotenant had no authority to obligate the defendant Finseth to pay such mortgage, or to accept a deed containing such clause. This point was mentioned in the oral argument, but is not suggested in the brief. If it had been, the answer to it is that the defendant Finseth himself testified that he knew the property had been deeded to himself and his cotenant; that he knew there was a mortgage on the property, and paid interest on it; that his cotenant told him that he had received the deed; that he knew that he had placed it of record; that he told him he had; that the property now stands in his name; that he paid half of the interest for two years on the full $2,000, and that Mr. Hallum paid the other half, and that he understood it was to be sent up to Mr. McDonald. The deed was recorded on the 7th day of August, 1911. This action was not begun until June, 1914. It would hardly seem that the grantee of a recorded deed can sit quietly for three years, remain in possession of the premises, and pay the interest on a mortgage which is assumed thereon, and then claim that he did not know of or consent to the terms of the instrument.

The judgment of the District Court is affirmed.

EDWARD T. BURKE. I concur in the affirmance, but express no opinion upon paragraphs three and four of the opinion.