Luce, Respondent, *v.* American Mortgage and Investment Company, Appellant.

1. **Mortgage — Extinguishment — Homestead, Incumbrance of.**
    Under § 3, chap. 38, Pol. C., providing that an incumbrance of a home-
    stead shall be of no validity unless signed by husband and wife, *held*,
    that after a mortgage on the homestead had been paid the husband alone
    could do no act whereby the mortgage could be revived for the purpose
    of securing another obligation.

(Argued and determined at the February Term, 1889.)

APPEAL from the district court, Lake county; Hon. J. E. Carland, Judge.

This was an action by the respondent Herman N. Luce against the appellant company, to recover damages and a statutory penalty for the company's refusal to satisfy a certain mortgage.

It appeared that in September, 1885, the plaintiff had certain liens upon his homestead, amounting to about $1,700, some of which were not then due. To satisfy these liens he entered into an arrangement with the defendant whereby it took a mortgage of $2,000 upon the homestead, and agreed to pay them off. Among the liens was a mortgage to the New England Loan and Trust Company. When appellant paid this lien it took an assignment of the mortgage instead of a satisfaction. Under a claim that the $2,000 was not sufficient to pay the liens, it then caused the plaintiff to give his note for the difference, and some other small claims against him, and to secure the note, $265, he signed the following indorsement upon the New England Loan and Trust Company mortgage note: "I hereby agree to leave this note and mortgage attached, as collateral to a note of $265.00, due February 28, 1886. H. N. Luce." At the time of the indorsement the property described in the mortgage was the plaintiff's homestead. Subsequent to these transactions the plaintiff sold the homestead, and the purchaser reserved out of the consideration an amount sufficient to discharge the New England company mortgage. After the amount had been paid to the appellant and the mortgage discharged, the plaintiff brought this action.

The plaintiff contended that the $265 note and the security indorsement were obtained without consideration, and by means of

threats. This was denied by the defendant. Under the view taken of the case by the court below this contention did not become material, as it instructed the jury that if they found the New England company note and mortgage had been paid by the $2,000 mortgage, then the matter of the indorsement need not be considered by them. At the close of the evidence, counsel for each party requested the court to direct a verdict in his favor. These requests were denied, the court determining to submit the matter of payment to the jury. There being practically no issue on this, the jury returned a verdict for the plaintiff for the amount that had been paid to discharge the mortgage, and also the statutory penalty prescribed by section 1735, C. C. After a motion for a new trial had been denied, and final judgment entered, defendant appealed.

*Bailey & Davis* and *R. A. Murray*, for appellant.

The question for determination is, did the transaction between the parties *necessarily* extinguish the New England Loan and Trust Company mortgage so that it could not be kept alive by the subsequent agreement of the parties? Under the original arrangement it was appellant's duty to pay, but this could be changed by agreement which was done. 39 Vt. 241. It was the intention of the parties that the mortgage should not be extinguished. This must control. Goulding v. Bunster, 9 Wis. 466; Champney v. Coope, 32 N.Y. 543; Jones, Mort., §§ 944, 945; Sheddy v. Gerau, 113 Mass. 378.

*H. H. Keith* and *C. P. Bates*, for respondent.

A mortgage that has been paid is *functus officio*, and cannot be revived by any subsequent agreement. Ledyard v. Chapin, 6 Ind. 320; Kellogg v. Ames, 41 Barb. 218; Mead v. York, 6 N. Y. 449; Kortright v. Cady, 21 id. 343; Stoddard v. Hart, 23 id. 556; Holman v. Bailey, 3 Metc. 55; Merril v. Chase, 3 Allen, 339. The cases cited by appellant are distinguishable in that in all of them at the time the payment was made, it was the intention of the parties to keep the mortgage alive. See, also, Pelton v. Knapp, 21 Wis. 72; Harbeck v. Banderbilt, 20 N. Y. 395.

The mortgage being upon the homestead, it could not be re-

vived by this indorsement of the husband alone. § 3, chap. 38, Pol. C.; Spencer v. Fredendall, 15 Wis. 736.

By the COURT:

The judgment of the lower court is affirmed.

This court holds that under the facts in the case the giving of the $2,000 mortgage by Luce to the defendant was a payment of the New England Loan and Trust Company's mortgage, and the plaintiff Luce could afterward do no act to invest it with any validity. All concur except McConnell and Carland, JJ., not sitting.