ANDREW J. BOWNE, Plaintiff and Respondent v. C. C. WOLCOTT, Defendant and Appellant. (Two cases.)

1. **Grant—Covenant of Seisin.**

   Where, in a covenant of seisin in a warranty deed, the grantor covenants "for his heirs, executors, and administrators," no action will lie against the grantor for a breach of such covenant.

2. **Same; Damages for Breach.**

   Where A. contracts to sell realty to B., and subsequently B. contracts to sell the land to C., and at B.'s request A. conveys direct to C. by deed with general covenant of seisin, the amount of recovery against A. for breach of such covenant would in any event be limited to the consideration received by him with interest thereon. § 4584 Comp. Laws.

3. **Covenant of Seisin Does Not Run With the Land.**

   Under §§ 3444, 3445, 3446, Comp. Laws, the covenant of seisin does not run with the land in this state.

(January Term, 1891.)

*A*PPEAL from district court, Grand Forks county; Hon. WILLIAM B. McCONNELL, Judge.

*J. F. McGee,* for appellant; *J. H. Bosard,* for respondent.

BARTHOLOMEW, J. These are actions for damages for breach of covenant of seisin in deeds to realty. The facts connected with the title to the lands here involved, and the breach of the covenant, are identical with the facts of Bowne against the same defendant, *ante,* 419, (decided at this term,) and it would be unnecessary to add anything to what we then said, except

for certain points of difference in the records which have been properly raised and pressed upon us, and which it is our duty to decide. The covenants of seisin in the various deeds on which these actions are based are in the following words: "And the said C. C. Wolcott, party of the first part, for his heirs, executors, and administrators, does covenant with the said party of the second part, his heirs and assigns, that he is well seized in fee of the lands and premises aforesaid, and has good right to sell and convey the same in manner and form aforesaid." The covenantor covenants "for his heirs, executors, and administrators." Appellant contends that under that covenant no action will lie against the grantor, and we think the position is well taken. Courts cannot make contracts for parties, but must take them as they find them. If these covenants differ from usual covenants under the same circumstances, we are bound to presume that parties intend they should so differ. We are bound to presume that the grantee accepted this covenant because he could get no better. It may well be that the grantor was willing to bind his heirs and representatives to the extent of the estate that they might receive from him, but was unwilling to bind himself. The condition of the title in these cases makes that view all the more probable. The naked legal title was in the United States, and would be divested only by patent; and it is matter of general knowledge that, in the transactions of the general land office, years sometimes elapse between the time of the delivery of the patent certificate by the local office and the issue of the patent from the general office; and it may well be that the grantor in these cases desired to postpone all liability on the covenant of seisin until such time as in the ordinary course of events the patents would certainly be issued, and so refused to create any liability during his own life time. This point was directly decided in Rufner v. McConnel, 14 Ill. 168, and Traynor v. Palmer, 86 Ill. 477; and we find no contrary ruling. If it was the intention to bind the grantor, and the wording of the covenant was a mistake, then plaintiff brought this action in the wrong forum. Courts of law can neither ignore nor correct mistakes.

This ruling settles one point common to both cases; but

there are two other points in the McFadden case that require our attention. Three deeds are declared upon in that case. In the first, Wolcott, in consideration of $300, sold and agreed to convey the land to one Collins. Subsequently, Collins, for a consideration of $600, sold to plaintiff, and at Collins' request Wolcott, the defendant, deeded directly to plaintiff, and the consideration recited in the deed was the amount paid by plaintiff to Collins, to-wit, $600, but the only consideration received by defendant was the sum of $300. The trial court allowed plaintiff to recover the full $600 and interest. In that there was error. Section 4584, Comp. Laws, reads as follows: "The detriment caused by the breach of a covenant of seisin * * * is deemed to be—*First*, the price paid to the grantor; * * * *second*, interest thereon for the time during which the grantee derived no benefit from the property, not exceeding six years; and, *third*, any expenses," etc. Had the breach been total, followed by eviction, the recovery should have been limited to the "price paid to the grantor," with interest and expenses as provided. See, also, Cook v. Curtis, (Mich.) 36 N. W. Rep. 692. In the third cause of action the defendant deeded to one Nugent for a consideration of $100, the deed containing the covenant sued upon. Subsequently, Nugent conveyed to plaintiff for a consideration of $500. In the lower court plaintiff had judgment on the covenant in the deed from defendant to Nugent for the full consideration that plaintiff paid Nugent. This was clearly wrong, for the reason just stated, and for the further reason that plaintiff would have no cause of action whatever on said covenant as against this defendant, even if defendant were included in the wording of the covenant. The covenant of seisin does not run with the land in this state. Section 3444, Comp. Laws, reads as follows: "The only covenants which run with the land are those specified in this title, and those which are incidental thereto." The following section reads: "Every covenant contained in a grant to an estate in real property which is made for the direct benefit of the property, or some part of it then in existence, runs with the land." The next section reads: "The last section includes covenants of warranty, for quiet enjoyment, and for further assurance on the part of

the grantor, and covenants for the payment of rent or of taxes or assessments upon the land, on the part of the grantee." No other covenants are named, and the foregoing exclude the covenant of seisin. Neither can we hold that a conveyance of land by one who has a right of action upon a breached covenant of seisin works an assignment of the cause of action. The only effect of such a holding is to make the covenant run with the land, which is contrary to the expressed will of our law makers. For the reason heretofore given the judgment in these cases must be reversed, and the actions dismissed. It is so ordered. All concur.

CORLISS, C. J., having been of counsel, did not sit on the hearing of the above cases; Judge TEMPLETON, of the first judicial district, sitting by request.