(53 N. W. Rep. 80.)

---

### FINLAY DUN, TRUSTEE *vs.* JOS. DIETRICH *et al.*

Opinion filed June 18th, 1892.

**Implied Covenants in Deed, Restrained by Express Covenants.**

> The implied covenant against incumbrances raised under § 3249, Comp. Laws, by the use of the word "grant" in a conveyance in fee, is restrained, as against the grantor, by an express covenant against incumbrances limited by its terms to the heirs, executors, and administrators of the grantor.

**Wife Joining in Deed to Release Homestead not Bound by Implied Covenant.**

> A wife who joins her husband in a deed of conveyance for no other purpose than to release her homestead right in the property is not bound by the implied covenant arising from the use of the word "grant."

Appeal from District Court, Burleigh County; *Winchester*, J.

Action by Finlay Dun, trustee of the North American Land Association (limited) against Joseph Dietrich and Nora Dietrich, to recover on the covenants in a deed against incumbrances. Judgment for defendants; plaintiff appeals.

Affirmed.

*George W. Newton*, for appellant.

"From the use of the word "grant" in any conveyance, the following covenants and none other on the part of the grantor, are implied unless restrained by express terms contained in such conveyance, viz: That such estate is, at the time of the execution of such conveyance, free from incumbrances done, made or suffered by the grantor or any person claiming under him."

Comp. Laws § 3249. There are no express terms contained in the conveyance in question restraining the force of the word "grant," as a covenant raised by the provisions of the statute. The deed then, contains the covenant of both respondents that the estate conveyed thereby was free from incumbrances done, made or suffered by them, or any person, claiming under them at the date of its execution. *Funk* v. *Voneida*, 11 Serg. & R. 109; *Seitzinger* v. *Weaver*, 1 Rawle 377; *Gates* v. *Cadewell*, 7 Mass. 68; *Hawk* v. *McCullough*, 21 Ill. 220; Rawle on Covenants, 369 and 383. The covenant of freedom from incumbrances is proved to have been broken by any evidence showing that a third person has a right to or an interest in the land granted, to the diminution of the value of the land, though consistent with the passing of the fee by the deed of conveyance. 2 Grf. Ev. § 42. Every burden on the estate or clog on the title is an incumbrance. *Seitzinger* v. *Weaver*, 1 Rawle 377; *Prescott* v. *Truman*, 4 Mass. 627; *Fritz* v. *Pusy*, 18 N. W. Rep. 94. An inchoate right of dower is an incumbrance. *Sherer* v. *Ranger*, 22 Pick. 447; *Jones* v. *Gardner*, 10 Johns. 267; *Bigelow* v. *Hulbard*, 97 Mass. 195; Rawle on Covenants 112, 113. So taxes levied upon an estate after transfer, upon an assessment made before. *Hill* v. *Bacon*, 110 Mass. 388; *Richard* v. *Bent*, 59 Ill. 38; *Long* v. *Moler*, 5 Ohio St. 271; *Cochrane* v. *Guild*, 106 Mass. 29.

*Louis Hanitch* and *Francis & Barnes*, for respondents.

The force of the statute (§ 3249, Comp. Laws) is destroyed by the special covenant against incumbrances contained in the deed, and the implied covenant from the use of the word "grant" is restrained by express terms contained in the deed, whereby the said Joseph Dietrich, covenants, not for himself, but for his heirs,

executor and administrators, that the premises are free from all incumbrances.

An express covenant in a deed takes away all implied covenants. *Vanderkarr* v. *Vanderkarr*, 11 Johns. 122; *Douglass* v. *Lewis*, 131 U. S. 75; 9 Sup. Ct. Rep. 634; *Bowne* v. *Wolcott*, 1 N. D. 497; 48 N. W. Rep. 426. The vendor selling in good faith is not responsible for the goodness of his title beyond the extent of his covenants in the deed. *Patton* v. *Taylor*, 48 U. S., (L. Ed.) 649; *Noonan* v. *Lee*, 17 (L. Ed.) 278. In an action on the covenant against incumbrances, the burden of proof is upon the plaintiff to show that any incumbrance was lawful. *Lathrop* v. *Grosvenor*, 76 Mass: 52; *Ogden* v. *Ball*, 41 N. W. Rep. 453; *Hamilton* v. *Cutts*, 4 Mass. 352. A covenant against incumbrances is not broken by the existence of a recorded tax deed which passes no valid title. *Tibbetts* v. *Leeson*, 18 N. E. Rep. 679.

BARTHOLOMEW, J. In February, 1883, the defendants, who are husband and wife, executed to plaintiff a deed to certain real estate in the city of Bismarck. Subsequently, plaintiff purchased a claim under a tax deed upon said premises. The tax deed was based upon a city tax for a sidewalk abutting the premises, which sidewalk was constructed prior to the execution of the deed from defendants to plaintiff, and while the defendant, Joseph Dietrich, was the fee owner of the premises. This claim is brought upon the covenants against incumbrances in the deed from defendants to plaintiff, to recover the amount paid for the claim under the tax deed. The case was tried to the court, and defendants prevailed. Plaintiff brings the case into this court. Numerous errors are assigned, but they all arise under one of two points: *First.* Does the deed sued upon contain any covenants that will sustain this action? *Second.* Was the claim for the sidewalk tax a valid lien against the property at the time of the conveyance? The second point becomes material only in case the first is resolved in favor of the plaintiff. The conveyance from defendants to plaintiff contains in the granting clause the words, "do hereby grant, bargain, sell, and convey," etc. It also contains the following special

covenant: "And the said Joseph Dietrich, party of the first part, for his heirs, executors, and administrators, does covenant with the party of the second part, his heirs and assigns, that he is well seized in fee of the lands and premises aforesaid, and has good right to sell and convey the same in manner and form aforesaid, and that the same are free from all incumbrances," etc.   It is not claimed in this court that either of the defendants is liable upon the last covenant quoted, as by its terms it is limited to the heirs, executors, and administrators of Joseph Dietrich.   See *Bowne* v. *Wolcott*, 1 N. D. 497; 48 N. W. Rep. 426.  Section 3249, Comp. Laws, provides:  "From the use of the word 'grant' in any conveyance by which an estate of inheritance or fee simple is to be passed, the following covenants, and none other, on the part of the grantor, for himself and his heirs, to the grantee, his heirs and assigns, are implied, unless restrained by express terms contained in such conveyance: *First.*  *  *  *  *Second.*  That such estate is at the time of the execution of such conveyance free from incumbrances done, made or suffered by the grantor, or any person claiming under him.  Such covenants may be sued upon in the same manner as if they had been expressly inserted in the conveyance."  It is upon the implied covenant arising from the use of the word "grant" in the deed that plaintiff bases his right to recover in this court.  This right is challenged by respondent on the ground that the subsequent express covenant against incumbrances found in the deed restrains the implied covenant.  A number of the states have statutes similar to ours.  These statutes have for their foundation an act of the colony of Pennsylvania passed in 1715, which act was in turn based upon the statute of 6 Anne, c. 35, passed in 1707.  These statutes have a common object, and that is to raise certain covenants by the use of the word "grant" or "grant, bargain and sell," against the grantor,—and sometimes his heirs also, as with us,—and in favor of the grantee, his heirs and assigns.  Under the rule that covenants should be construed most strongly against the covenantor, courts have generally given effect to these implied covenants, even in cases where

there were limited express covenants, where the two were not inconsistent or were independent of each other, limiting the implied covenant against incumbrances to the personal act or sufferance of the grantor. *Gratz* v. *Ewalt*, 2 Bin. 68; *Seitzinger* v. *Weaver*, 1 Rawle 377; *Funk* v. *Voneida*, 11 Serg. & R. 109; *Shaffer* v. *Greer*, 87 Pa. St. 370; *Finley* v. *Steele*, 23 Ill. 56; *Alexander* v. *Schreiber*, 10 Mo. 460; *Shelton* v. *Pease*, Id. 473.

This statute has repeatedly met the animadversions of courts by reason of its dangerous tendency, because "calculated to entrap the ignorant and unwary into liability which they never intended to incur," and because "it has a bad effect to annex to words and arbitrary meaning far more extensive than their usual import, and which must be unknown to all but professional men." In this jurisdiction the use of the word "grant" is universal in conveyances of fee-simple estates, and it is almost equally universal that the parties to such conveyances guard their respective rights by the express covenants inserted. It is seldom, if ever, that a grantee receives a conveyance relying upon any covenants except such as are expressed, and certainly no grantor delivers a conveyance expecting to be held to a liability that he has not knowingly incurred. The only effect of the statute with us would seem to be to create liabilities not in the mind of both parties— probably of neither—at the time of the execution of the conveyance. But the implied covenants do not arise when inconsistent with the express covenants, or when it appears from the language used by the parties that it was not intended that any such covenant as that implied by the statute should take effect. *Douglass* v. *Lewis*, 131 U. S. 75; 9 Sup. Ct. Rep. 634; *Finley* v. *Steele*, *supra*; *Weems* v. *McCaughan*, 7 Smedes & M. 427. We held in *Bowne* v. *Wolcott*, *supra*, that when the covenant was limited to the heirs, executors and administrators of the grantor, and there was no charge of fraud or mistake in the deed, we were bound to presume that the parties intended the covenant to be so limited, and that the grantee accepted that covenant because he could get no better. Applying the law to this case, plaintiff accepted a deed

with an express covenant against incumbrances limited to the heirs, executors and administrators of Joseph Dietrich; that he accepted such deed because Dietrich refused to incur any personal liability upon such covenant. It is then morally certain that when the deed was delivered Dietrich did not intend to be bound by an implied covenant to a liability that he had refused to assume by an express covenant, and the plaintiff must have so understood it when he accepted the deed. This view is strengthened by the fact that, under our statute, the implied covenant applies to the grantor, his heirs, executors and administrators. It would be most unreasonable to suppose that the parties intended to have the representatives bound by one covenant and the grantor by another in the same deed. · It follows from these views that the lia-, bility of Joseph Dietrich under the implied covenant is restrained by the terms of the express covenant, and that there is no covenant in the deed upon which Joseph Dietrich can be held in this action. The defendant, Nora Dietrich, is not a party to the express covenant, but, under the authorities already cited, the implied covenant is limited to the personal acts or sufferance of the grantor. Nora Dietrich had no interest in the land conveyed except her homestead interest. No obligation, legal or moral, rested upon her to pay the sidewalk tax, and it was not an incumbrance created or suffered by her. It follows that there is no covenant in the deed upon which plaintiff can recover in this action, and the judgment of the lower court must be affirmed. All concur.