E. DELAFIELD SMITH v. JOHN GAUB, BARBARA GAUB, MATILDA SCHAFFER, NORTHWEST THRESHER CO. AND FOSTER COUNTY STATE BANK AND CHRIST SCHAFFER AND H. A. HOGUE.

Opinion filed November 19, 1910.

**Deeds — Covenants — Qualification of One Not Included in Another.**

1. A covenant against incumbrances and a covenant of warranty contained in a deed to real property are separate and independent covenants of materially different import and directed to different objects, and there is no presumption that language qualifying one of these covenants was intended to be transferred to or included in the other.

**Deeds — Covenants — Exception to Covenant Against Incumbrances — Effect as to Covenant of Warranty.**

2. An express exception, contained only in the covenant against incumbrances, in a deed to real property, of a mortgage upon the land,

—22—

in the absence of qualifying words making the grant of the deed subject to such incumbrance, or making the restriction upon the covenant against incumbrances apply also to the covenant of warranty or generally to all the covenants of the deed, does not except such mortgage from the covenant of warranty. In such case the covenant of warranty may be regarded as full and general, and an action may be maintained upon it arising out of a failure of the grantor of the deed to protect the grantee in quiet enjoyment of the title conveyed by the deed against the mortgage mentioned in the covenant against incumbrances as well as any other paramount title.

### Deeds — Breach of Covenant of Warranty.

3. The purchase by a warrantor of title to real property, of an incumbrance covered by his warranty for any purpose other than the protection of the title conveyed by him, and the assertion by him adversely to the title of his warrantee of paramount title based on such incumbrance, is a breach of the covenant of warranty. In equity the title so purchased by him inures wholly to the benefit of the warrantee, and a court of equity will not permit him to assert the same adversely to the title so warranted by him to such warrantee.

### Deed — Covenant of Warranty — After Acquired Mortgage.

4. Plaintiff conveyed title to real property to defendant by a deed wherein he covenanted that he was "well seised in fee of the lands and premises aforesaid and had good right to sell and convey the same in manner and form aforesaid, that the same are free from incumbrances, except a certain mortgage amounting to $400 in favor of W., and the above bargained and granted lands and premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, against all persons lawfully claiming, or to claim the whole or any part thereof, the said party of the first part will warrant and defend." After the delivery of this deed and the payment of the consideration named therein to plaintiff, he purchased from W. the mortgage for $400 mentioned in the covenant against incumbrances and brought action to foreclose the same against defendant and his grantee.

*Held,* that the mortgage purchased by plaintiff was not excepted from the covenant of warranty contained in the deed or assumed by defendant, and that the purchase of the same by plaintiff inured wholly to the benefit of defendant and plaintiff would not be permitted to maintain an action to foreclose the same against the land.

Appeal from District Court, Stutsman county; *Burke, J.*

Mortgage foreclosure by E. Delafield Smith against H. A. Hogue and others. Decree for plaintiff, and defendant Hogue appeals.

Reversed and action dismissed.

*John Knauf,* for appellant.

*Harold M. Smith,* for respondent.

ELLSWORTH, J. This appeal arises in an action to foreclose a mortgage given by one Gaub and wife upon certain lands situated in Stutsman county. It appears that on the 15th day of July, 1899, Gaub was the owner of the land in question, and on that day executed to the Winona Savings Bank of Winona, Minn., the mortgage which the action is brought to foreclose. Afterward Gaub conveyed his interest in the land to the plaintiff, Smith, who with his wife joining, on April 30, 1901, executed and delivered to the defendant Hogue a deed of the premises in question, in which the consideration named is $400. The words of conveyance and of covenant contained in this deed are as follows: "We do hereby grant, bargain, sell and convey unto the said party of the second part, his heirs and assigns forever, all that tract or parcel of land [here follows a description of the real property conveyed], to have and to hold the same, together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining, to the said party of the second part, his heirs and assigns forever. And the said E. Delafield Smith and Annie M. Smith, parties of the first part, for their heirs, executors and administrators, do covenant with the said party of the second part, his heirs and assigns, that they are well seised in fee of the lands and premises aforesaid and have good right to sell and convey the same in manner and form aforesaid, that the same are free from all incumbrances except a certain mortgage amounting to $400 in favor of the Winona Savings Bank of Winona, Minn., and the above bargained and granted lands and premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, against all persons lawfully claiming or to claim the whole or any part thereof, the said parties of the first part will warrant and defend." The defendant Hogue paid in full the consideration named in the deed, and upon delivery of the deed took possession of the land, and continued in possession until April 29, 1902, when he entered into a contract of sale with the defendant Schaffer. Under this contract Schaffer took possession of the land, and continued to hold the same until the time of trial. On November 14, 1904, the plaintiff, Smith, obtained from the Winona Savings Bank an assignment of the mortgage executed by Gaub and wife, and thereafter, the same being unpaid when due, instituted this action for its foreclosure. The defendant Hogue made answer, setting out the conveyance to him by the plaintiff Smith and wife and the cove-

nants hereinbefore quoted, contained in the deed, and claims that, the plaintiff having sold him the premises in question for a valuable consideration and under full warranty of title, the purchase by plaintiff of the mortgage sought to be foreclosed inures wholly to the benefit of the defendant, and that plaintiff should not be permitted to assert a paramount title obtained through the foreclosure of this mortgage, against either the defendant Hogue, or his grantee, Schaffer.

There can be no question but that the deed of plaintiff to Hogue contains a full covenant of warranty. The only point presented by this appeal is whether or not the recital, "except a certain mortgage amounting to $400 in favor of the Winona Savings Bank of Winona, Minn.," contained in the covenant against incumbrances, excepts this mortgage from the warranty. In case it does, there is, of course, nothing to prevent the purchase by plaintiff of this mortgage and the assertion by him of any title obtained through its foreclosure. On the other hand, if this mortgage is not excepted from plaintiff's covenant of warranty, he will not, after warranting the title to this land, be permitted to purchase and assert adversely to his grantee, Hogue, a paramount title obtained in this or in any manner. The covenant against incumbrances and the covenant of warranty contained in the deed of plaintiff to Hogue are separate and independent covenants. They are not connected in form or substance, and are not of the same nature or import. Of the two, the covenant against incumbrances is the broader and assures to the grantee a more immediate right of action in case it shall appear thereafter that incumbrances upon the title exist. The covenant of warranty is not an absolute guaranty of perfect title, but is simply an assurance to the grantee of quiet enjoyment of the title conveyed, and that the covenantor and his heirs will not thereafter claim the estate, but will undertake to defend it whenever assailed by paramount title. Rawle on Covenants (5th Ed.) Section 116. A covenant against incumbrances is broken as soon as it appears that there is an outstanding paramount title or incumbrance; and the grantee, under such a covenant, if he sees fit to do so, may at once purchase the paramount claim and make it the basis of a claim for damage against the covenantor. Of the covenant of warranty, however, there is no breach until an outstanding paramount title has been purchased by the covenantor or has been hostilely asserted by some other party. Either of these acts, however, consti-

tute a breach of the covenant of warranty, and the measure of damage is then the same as under the covenant against incumbrances. Rawle on Covenants, Sections 149, 150.

It is clear therefore that the purchase by plaintiff, Smith, of the Gaub mortgage, and its assertion by him in an action of foreclosure, is a breach of the covenant of warranty, unless this particular mortgage is excepted from its provisions. Plaintiff urges that under the peculiar language of the deed, whereby, it will be observed, he covenants, not for himself, but only for his heirs, executors, and administrators, neither of the covenants contained in the deed can be asserted personally against him. With reference to the covenant against incumbrances, plaintiff's position is sustained by direct holdings of this court. Dun v. Dietrich, 3 N. D. 3, 53 N. W. 81. An examination of the covenant of warranty discloses, however, that it is not in like manner restricted to the heirs, executors and administrators of the plaintiff, but is made directly and pointedly with the grantee by himself and wife as parties of the first part to the deed. If therefore this covenant of warranty is to be regarded as separate and independent of, and in nature and import different from, the covenant against incumbrances, it cannot be held to be limited to any extent whatever by the preceding restriction placed upon that covenant.

It is, however, urged by plaintiff that, owing to the verbal connection of the two covenants in the context of the deed, the language excepting the mortgage from the covenant against incumbrances must be held to apply as well to the covenant of warranty. Plaintiff cites an authority which unquestionably holds that a preceding special covenant against incumbrances excluding the incumbrance in question is to be regarded as an exception of such incumbrance from a following covenant of general warranty. Bricker v. Bricker, 11 Ohio St. 240. The holding of this case has not since its announcement, however, been approved or accepted as authority by any other court, either English or American. In the body of the opinion it appears that it was opposed to a then recent holding of the Supreme Court of Massachusetts in Estabrook v. Smith, 6 Gray (Mass.) 572, 66 Am. Dec. 445. The reason given by the Ohio court for refusing to follow the Supreme Court of Massachusetts is that: "The case, we think, must have received less careful attention than is usually bestowed upon questions arising in that court. The opinion there expressed is certainly in conflict with the general

current of English authority and the opinions expressed in the American cases referred to." The more recent cases, both English and American, however, as stated above, prefer to follow the principle announced by the Supreme Court of Massachusetts, and have done so in cases proceeding from courts entitled to the highest respect to such extent as to give this principle at the present time unqualified sanction and the great weight of authority. These courts hold, on a state of facts almost literally identical with that of this case at bar: That qualifying language of one covenant of deed may be properly considered as transferred to and included in other covenants only when they are connected, generally of the same import and effect and directed to one and the same object; that covenants against incumbrances and of warranty of title are not connected in form or nature, are of materially different import and directed to different objects; and that a covenant of warranty is not restricted by an exception contained only in a preceding covenant against incumbrances. Howells v. Richards, 11 East, 633; Estabrook v. Smith, 6 Gray (Mass.) 572, 66 Am. Dec. 445; Sandwich Mfg. Co. v. Zellmer, 48 Minn. 408, 51 N. W. 379; Welbon v. Welbon, 109 Mich. 356, 67 N W. 338; Rooney v. Koenig, 80 Minn. 483, 83 N. W. 399; Weeks v. Grace, 194 Mass. 296, 80 N. E. 220, 9 L. R. A. (N. S.) 1092; Bennett v. Keehn, 67 Wis. 154, 29 N. W. 207, 30 N. W. 112; Duvall v. Craig, 2 Wheat, 45-58, 4 L. Ed. 180.

We believe that these holdings embody the only reasonable and consistent construction of covenants in a deed such as are here presented. The fact that a restriction is put upon the covenant against incumbrances is not of itself the slightest evidence that a like intention existed with reference to the covenant of warranty. We have heretofore noted that the covenant against incumbrances is broader and of greater immediate value to the grantee in a deed than the covenant of warranty. It is perfectly conceivable therefore that a covenantor may wish to limit the covenant against incumbrances in one or more particulars, and yet be willing to make a full general covenant of warranty. For instance, in the deed in question, the plaintiff may have been unwilling to guarantee the title during his lifetime, or as against himself, or at all, against the mortgage given to the Winona Savings Bank. For reasons privately known to himself, he may have believed the mortgage to be void and of such character that it could not be used to disturb the quiet enjoyment of the estate granted to the defendant Hogue. Under

such conditions, if the party holding the mortgage should attempt to assert the same against the land, the defendant Hogue, in order to relieve himself of the burden of proving the validity of the mortgage in a subsequent action against plaintiff on the covenant of warranty, would be compelled to give him notice and opportunity to defend, and plaintiff could then have interposed a complete defense and secured Hogue's estate against disturbance. This would not be the case, however, if plaintiff had entered into an unqualified covenant against incumbrances. The discovery of the existence of the mortgage by Hogue would have given him immediate right of action against plaintiff; or he might have chosen to himself purchase the mortgage, and thus acquire a right of action that could not have been maintained on the covenant of warranty. However this may be, the intention of the parties can only be gathered from their contract. In this case we have no light upon the matter, aside from the recitals of the deed itself, except the oral statement of the defendant Hogue to the effect that he did not assume the mortgage at the time he took possesison of the land.

It is urged that, unless the assumption by Hogue of the mortgage in question was part of the consideration for the deed, the deed was made entirely without consideration. The deed, being an instrument in writing, is however, presumed to have been made for a valuable consideration. Section 5325, Rev. Codes 1905. This presumption is not conclusive, and plaintiff might have shown by oral testimony that it was made without consideration if such was the case. That such fact may be shown by parol is well settled. Fraley v. Bentley, 1 Dak. 25, 46 N. W. 506; Alsterberg v. Bennett, 14 N. D. 596, 106 N. W. 49. The plaintiff in this case, however, has seen fit to rest his case entirely upon the deed, unaided by any oral proof whatever. It follows that we can regard only the terms of the instrument, together with such reasonable presumptions as may be drawn therefrom. None of these presumptions give countenance to the theory that the defendant Hogue in fact assumed payment of the mortgage, or that it was excepted from plaintiff's covenant of general warranty. If the conveyance had been made subject to the mortgage in question, or had contained a recital that the defendant Hogue assumed its payment, an entirely different case would be presented. If plaintiff had wished or intended to except the mortgage from the covenant of warranty, he could easily have done so by making the restriction upon the covenant against incumbrances

apply to all the covenants of the deed. In view of the ease with which it may be accomplished, it is inconceivable that a careful conveyancer, in a document so formal and important as a deed, should fail to make the exception in some such manner.

From the foregoing premises it follows that the mortgage which plaintiff is attempting to foreclose against the land in question was not excepted from the covenant of warranty contained in his deed. His purchase and attempted assertion of the mortgage is a breach of his covenant of warranty, and it must be held that the purchase inures to the benefit of the defendant Hogue, whose title plaintiff has solemnly undertaken to warrant and defend.

The judgment of the district court is reversed, and the court is directed to dismiss plaintiff's action in foreclosure. All concur.