## GEORGE SOMMERS v. C. M. WAGNER, M. E. Wagner, Foley Brothers & Kelly, a Corporation.

### (131 N. W. 797.)

**Mortgage — Covenants — Assignment of Mortgage to Mortgagor — Payment.**

1. M. E. Wagner executed and delivered defendant corporation a warranty deed; in the covenant against encumbrances therein was the covenant "that the same are free from all encumbrances except a mortgage given to McWilliams for $400," with the other usual covenants of general warranty. Defendants Wagner were mortgagors in said mortgage, and, after said deed had been recorded, they paid McWilliams the amount of the mortgage, and took from him an assignment thereof, which, with the mortgage note past due, they delivered to plaintiff, who had both actual and constructive notice of the corporation's rights under its deed.

*Held,* that the grantee in the deed did not purchase the land subject to said mortgage, but under the covenant of general warranty in the deed, the grantor's liability to pay the mortgage continued, and the law presumes that the assignment was taken as a fulfillment of their duty to defend the title by them conveyed, and the assignment operated as an immediate satisfaction of the mortgage, and that the plaintiff by the assignment from the Wagners did not obtain a lien by mortgage upon said premises, nor revive thereby the mortgage discharged by such payment.

Opinion filed May 6, 1911. Rehearing denied May 29, 1911.

Appeal from District Court, Rolette county; *Cowan,* Judge.

Action by George Sommers against C. M. Wagner and others. From a judgment for plaintiff, defendants appeal.

Reversed, and action dismissed.

*Fred E. Harris, Harris Richardson,* and *H. C. Kerr,* for appellants.

Exception against encumbrances does not except against covenants of warranty. Smith v. Gaub, 19 N. D. 337, 123 N. W. 827; Howells v. Richards, 11 East, 633, 11 Revised Rep. 287; Estabrook v. Smith, 6 Gray, 572, 66 Am. Dec. 445; Sandwich Mfg. Co. v. Zellmer, 48 Minn. 408, 51 N. W. 379; Welbon v. Welbon, 109 Mich. 356, 67 N. W. 338; Rooney v. Koenig, 80 Minn. 483, 83 N. W. 399; Weeks v. Grace, 194 Mass. 296, 9 L.R.A.(N.S.) 1092, 80 N. E. 220, 10 A. & E. Ann. Cas. 1077; Bennett v. Keehn, 67 Wis. 154, 30 N. W. 112; Duvall v. Craig, 2 Wheat. 45, 4 L. ed. 180; King v. Kilbride, 58 Conn. 109, 19 Atl. 520; Rowe v. Heath, 23 Tex. 614.

Where mortgagor acquires his own mortgage, the assignment thereof inures to the benefit of his covenantees. Smith v. Gaub, 19 N. D. 337, 123 N. W. 827; Merritt v. Byers, 46 Minn. 74, 48 N. W. 417; Sandwich Mfg. Co. v. Zellmer, 48 Minn. 408, 51 N. W. 379; Butler v. Seward, 10 Allen, 466; Mickles v. Townsend, 18 N. Y. 575; Jones, Mortg. 6th ed. § 864; Wadsworth v. Williams, 100 Mass. 126.

Payment of mortgage by one bound to pay discharges it. Mickles v. Townsend, 18 N. Y. 575; Kelley v. Jenness, 50 Me. 455, 79 Am. Dec. 623; 20 Am. & Eng. Enc. Law, 2d ed. 1060; Brown v. Lapham, 3 Cush. 551; Putnam v. Collamore, 120 Mass. 454; Frey v. Vanderhoof, 15 Wis. 398; Shirk v. Whitten, 131 Ind. 455, 31 N. E. 87; Caley v. Morgan, 114 Ind. 350, 16 N. E. 790; Burnham v. Dorr, 72 Me. 198; Clay v. Banks, 71 Ga. 363; Butler v. Seward, 10 Allen, 466; Comstock v. Smith, 13 Pick. 119, 23 Am. Dec. 670; Trull v. Eastman, 3 Met. 124, 37 Am. Dec. 126; McCabe v. Swap, 14 Allen, 188; Carlton v. Jackson, 121 Mass. 592; Kneeland v. Moore, 138 Mass. 198; Northwestern Nat. Bank v. Stone, 97 Iowa, 183, 66 N. W. 91; Dollar Sav. Bank v. Burns, 87 Pa. 491; Converse v. Cook, 8 Vt. 164; Zimpleman v. Veeder, 98 Ill. 613.

Covenants in a mortgage are of the same effect as those in a deed. Butler v. Seward, 10 Allen, 466; Jones, Mortg. 6th ed. § 864; Sandwich Mfg. Co. v. Zellmer, 48 Minn. 408, 51 N. W. 379; Yerkes v. Hadley, 5 Dak. 324, 2 L.R.A. 363, 40 N. W. 340; Iowa Loan & T. Co. v.

King, 58 Iowa, 598, 12 N. W. 595; McManness v. Paxson, 37 Fed. 296; Van Rensselaer v. Kearney, 11 How. 297, 13 L. ed. 703.

A mortgage once paid cannot be revived. Luce v. American Mortg. & Invest. Co. 6 Dak. 122, 50 N. W. 621; Mead v. York, 6 N. Y. 449, 57 Am. Dec. 467; Dick v. Moon, 26 Minn. 309, 4 N. W. 39; Thompson v. George, 86 Ky. 311, 5 S. W. 760; Johnson v. Anderson, 30 Ark. 745; Spencer v. Fredendall, 15 Wis. 666; Merrill v. Chase, 3 Allen, 339.

Conveyance with grantee's name blank is void. Rev. Codes 1905, §§ 5039, 4870; Merrill v. Luce, 6 S. D. 354, 55 Am. St. Rep. 844, 61 N. W. 43; Henniges v. Paschke, 9 N. D. 489, 81 Am. St. Rep. 588, 84 N. W. 350; Burns v. Lynde, 6 Allen, 305; Shep. Touch. 54; Hibblewhite v. McMorine, 6 Mees. & W. 200, 9 L. J. Exch. N. S. 217, 4 Jur. 769; 1 Devlin, Deeds, § 456; Lady Superior of Cong. Nunnery v. McNamara, 3 Barb. Ch. 375, 49 Am. Dec. 184; Curtis v. Cutler, 37 L.R.A. 737, 22 C. C. A. 16, 40 U. S. App. 233, 76 Fed. 16.

*Le Sueur & Bradford,* for respondent.

Goss, J. This is an appeal from the district court of Rolette county from a judgment for foreclosure of a mortgage entered in favor of plaintiff and against defendants and appellants. Briefly recited, the facts are that C. M. Wagner owned a quarter section of land of the value of at least $2,000, which he and wife had mortgaged to one McWilliams, securing the payment of $400, due January 1, 1904, as evidenced by a promissory note executed by Wagner and wife to McWilliams, and which mortgage was duly recorded April 17, 1903, in the office of the register of deeds of said county; that thereafter Wagner transferred the land in question to his wife by quitclaim deed duly recorded. After this, C. M. Wagner, indebted to the amount of $1,400 to Foley Brothers & Kelly, a corporation, had his wife, Mary E. Wagner, execute and deliver her warranty deed of said land to said corporation as security for the payment of her husband's debt to such corporation; said deed recited a consideration of $1,200, and was in form a warranty deed, containing all the covenants of warranty, but in its covenant against encumbrances contained the exception "that the same is free from all encumbrances except a mortgage given to McWilliams for $400." The deed did not provide that the grantee should assume the mortgage encumbrance. This deed was recorded

January 21, 1904. Thereafter, on June 16, 1904, for the purpose of satisfying said mortgage debt, Wagner paid the $400 mortgage in full, with money given him by his wife of her funds; whereupon the mortgagee, McWilliams, delivered Wagner the $400 note and a written assignment in blank of the mortgage, which assignment was duly acknowledged. The assignment was supposed by Wagner at the time it was received to have been a satisfaction, and under such supposition, it, with the note, was placed among Wagner's papers, he informing his wife that he had paid and satisfied the mortgage. In January following, an agent of Sommers, plaintiff, demanded of Wagner the payment of $500 owing by him to Sommers, or that the debt be secured, and during the conversation as to Wagner's ability to pay or secure, plaintiff's agent learned the foregoing facts recited, and was delivered the $400 note with the assignment of the mortgage still in blank and unrecorded. The agent at the time of the receipt of these papers was informed by Wagner that he had paid the mortgage.

Regarding the reason for the delivery of the assignment and note, the testimony of the agent and of Wagner are in conflict, the former claiming Wagner to have informed him that the reason he did not record the assignment was that the deed from Wagner to the corporation was in fact but a mortgage, and he, Wagner, did not want to satisfy the prior $400 mortgage, because the corporation had enough security for what he was owing them. Wagner's testimony is that he delivered the assignment and note, that the plaintiff might negotiate with the corporation and have it either take up the note and assignment, paying plaintiff's claim, or otherwise adjust the matter between them, so that the farm would be satisfactory security to both for their claims. In any event, at that time Wagner delivered plaintiff's agent a written order for notes held by defendant corporation as collateral security for the debt for which the warranty deed was also security; and Wagner further gave plaintiff's agent a written order to defendant corporation to assign to plaintiff any equity he might have in the land after payment of his debt to such corporation. Defendant corporation refused to deliver the notes alleged to be held as collateral security, or in any wise to recognize plaintiff's claim to the land, claiming to be the owner in fee of the land. But defendant Wagner denies that he gave the note and assignment mortgage to the plaintiff as collateral security to them, alleging that he, instead, delivered possession of it to them, that

they might negotiate some settlement between them and defendant corporation, with the evident purpose of reserving to himself the right to ratify or disapprove of any such attempted settlement. After the delivery of the assignment and note to plaintiff, the name of George Sommers was, unauthorized by Wagner or his wife, inserted in the assignment, and this action begun for foreclosure of the mortgage as a first mortgage on the land, prior to the claims of defendant corporation and the wife grantee from her husband by quitclaim deed. In the complaint plaintiff pleads the assignment of the $400 mortgage to him by the mortgagee; that the same is past due, and the usual statutory recitals in foreclosure actions, and asks judgment of foreclosure against such property to collect the debt.

To the complaint of plaintiff, defendants Wagner and wife answered, pleading payment by them of the mortgage attempted to be foreclosed, denying ownership by defendant corporation of the tract, and asking a dismissal of the plaintiff's action, and that the absolute title in fee to the land be adjudged to be in them. To the plaintiff's complaint, defendant corporation answers, claiming to be the owner of the land; reciting the deed to them from Mrs. Wagner, and that said deed warranted title, and that the land was free from all encumbrances excepting the mortgage attempted to be foreclosed, alleging it to have been paid, and asking judgment that the court adjudge and determine the interest and claim of the defendant in and to said land under said deed; that the same be adjudged prior to any claim of the plaintiff and that the mortgage attempted to be foreclosed be discharged of record as paid.

There is little conflict in the testimony. The wife testifies that her husband usually transacted her business for her; that she authorized her husband to pay and satisfy the mortgage, and supposed he had done so, and she at all times claimed the mortgage as paid and satisfied; that the husband never had any written authority of any kind from her in the matter, and she never authorized him to turn over the note and assignment to the plaintiff; although, after Wagner had done so, he told her what he had done, and that the papers were to be used to try and get a settlement of both accounts, which she sanctioned on that understanding, but with no intent that the note and mortgage should be negotiated, or that the same should be a lien prior to that of the defendant corporations on the land. She never authorized any one

to fill in any name as assignee in the assignment. Both Wagner and wife testify that the deed was delivered as security for the husband's debt to the defendant corporation, and there is offered in evidence a schedule of notes aggregating $1472.50, that had been assigned by Wagner to the defendant corporation, together with certain correspondence showing the Wagners to have always acted in accordance with their claim that they were the owners and defendant corporation but the mortgagee. Certain of said notes have been collected, and the proceeds retained by defendant corporation. They have offered no evidence on such matter.

Under the facts, the warranty deed from the wife to the corporation was one of general warranty, containing an exception as to the mortgage only in the covenant against encumbrances. In other words, the deed warrants title to the land and is a transfer of title without reference to encumbrances, except that an encumbrance is mentioned as being upon the land. It is noticeable that the land is not sold subject to the mortgage, or in other words the grantee does not take title to the land subject to this mortgage. A covenant against encumbrances and a covenant of warranty contained in a deed are separate and independent covenants of different import, and directed to different objects, and there is no presumption that language qualifying one of those covenants was intended to be transferred to or included in the other. The exception of the mortgage from the covenant against encumbrances does not thereby except such mortgage from the covenant of warranty in the deed. See Smith v. Gaub, 19 N. D. 337, 123 N. W. 827, and cases cited in the opinion; Merritt v. Byers, 46 Minn. 74, 48 N. W. 417; Calkins v. Copley, 29 Minn. 471, 13 N. W. 904.

The case of Smith v. Gaub, cited, is so nearly identical in facts as to be decisive of the case on trial. The deed in that case was exactly like the one in this case in all particulars, including the covenant as to encumbrances, which recited "that the same are free of encumbrances excepting a certain mortgage amounting to $400 in favor of W.," with the other usual covenants. After the delivery of the deed and payment of consideration, the grantor purchased the outstanding encumbrance and brought an action to foreclose the same against his grantee, and it was held that the mortgage purchased by plaintiff was not excepted from the covenant of warranty contained in the deed, nor was it assumed by the defendant, and that the purchase of the same by

plaintiff inured wholly to the benefit of the defendant, and plaintiff would not be permitted to maintain an action to foreclose the same against the land deeded.

Under the deed containing covenants of general warranty, after its delivery, it was the grantor's duty to pay the outstanding encumbrance. Until such encumbrance was paid or satisfied, she was personally liable under her covenant of warranty. Mickels v. Townsend, 18 N. Y. 575. She could not take an assignment of such outstanding encumbrance to herself without it operating as a discharge of such mortgage assigned, regardless of her intent in the matter. If she intended the assignment as such, it operated as a satisfaction of the mortgage, and, of course, if it was intended to be a satisfaction instead of an assignment, and the money was paid to the mortgagee to satisfy the mortgage, the same was thereby satisfied. See Kelley v. Jenness, 50 Me. 455, 79 Am. Dec. 623; Brown v. Lapham, 3 Cush. 551; Putnam v. Collamore, 120 Mass. 454; Frey v. Vanderhoof, 15 Wis. 398; Shirk v. Whitten, 131 Ind. 455, 31 N. E. 87; Caley v. Morgan, 114 Ind. 350, 16 N. E. 790; Burnham v. Dorr, 72 Me. 198; Clay v. Banks, 71 Ga. 363; Butler v. Seward, 10 Allen, 466; Kneeland v. Moore, 138 Mass. 198; Northwestern Nat. Bank v. Sloan, 97 Iowa, 183, 66 N. W. 91; Dollar Sav. Bank v. Burns, 87 Pa. 491; Converse v. Cook, 8 Vt. 164; Zimpleman v. Veeder, 98 Ill. 613; Sandwich Mfg. Co. v. Zellmer, 48 Minn. 408, 51 N. W. 379; Yerkes v. Hadley, 5 Dak. 324, 2 L.R.A. 363, 40 N. W. 340; Clark v. Baker, 14 Cal. 633, 76 Am. Dec. 449.

At the time the note and assignment in blank were delivered by Wagner to the agent of plaintiff, the debt secured by the mortgage, assuming it still existed, was long past due, and the deed against which the lien by mortgage would be sought to be asserted had been of record for a considerable time prior thereto. If Mrs. Wagner herself could not have foreclosed this mortgage, she certainly could not give the right to do so to the plaintiff, as she could not give the plaintiff greater rights under the assignment than she herself had, and even if plaintiff was a purchaser, if the mortgage purported to be so assigned, he, as such purchaser was bound to ascertain the equities of such prior grantee of the mortgagor against whom he would enforce such mortgage. See Mickles v. Townsend, 18 N. Y. 575; Clay v. Banks, 71

Ga. 363; Carlton v. Jackson, 121 Mass. 592, and other cases above quoted.

But it may be claimed that the deed from Mrs. Wagner to the defendant corporation is in fact a mortgage, a mere lien as security for debt. The rule is the same, and the mortgage is a conveyance within the rule above announced under the authorities (see also §§5039 and 4870, Rev. Codes 1905), and an assignment of mortgage is a transfer within the Code provision cited, (see Henniges v. Paschke, 9 N. D. 489, 81 Am. St. Rep. 588, 84 N. W. 350; Merrill v. Luce, 6 S. D. 354, 55 Am. St. Rep. 844, 61 N. W. 43.)

The mortgage, being once paid could not be revived. Luce v. American Mortg. & Invest. Co. 6 Dak. 122, 50 N. W. 621. This is a decision of the supreme court of Dakota territory. A corporation owner of land paid mortgages thereon, but, instead of having them satisfied, had them assigned to itself. It thereafter agreed that the mortgages so assigned might stand as collateral security for a note thereafter given. The court held the assignment operated as a payment, and that the mortgage was not thereafter invested with any validity for such purpose.

The law is well settled by the foregoing authorities that the assignment of the mortgage was in effect a satisfaction of it; merging it in the fee title if the deed from Wagner to the defendant corporation be, in fact, a mortgage; and if said deed be either absolute or a mortgage, the law conclusively presumes the assignment was obtained for the benefit of the grantee in the deed, and in protection of the warranty in the deed to the effect that the after-acquired title or lien inures to the benefit of the grantee in the deed, under § 6155, Rev. Codes 1905. See Adam v. McClintock, ante 483, 131 N. W. 394, by this court so recently decided as to be unreported. And the mortgagor and grantor is also estopped from denying the recitals and covenants in the deed, and asserting, as against it, the validity of the outstanding encumbrance after acquired by such mortgagor and grantor. He is therefore not permitted to claim, as against the grantee, that the assignment is other than a satisfaction of the mortgage. The mortgage then was in legal effect paid and satisfied upon the delivery of the assignment by the mortgage to Wagner. The obligation evidenced by the note ceased to exist when paid, and the mere redelivery of the note with assignment of the mortgage conveyed nothing and created no lien.

The proof in this action was offered principally on the question of the validity of the mortgage attempted to be asserted by plaintiff. All the defendants united their efforts on this matter, and evidently overlooked submitting proof under their pleadings, on whether the deed was in fact a deed or mortgage as between the Wagners and Foley Brothers & Kelly, a corporation. There is considerable testimony tending to establish that the deed was actually a mortgage, and in the foregoing discussion, following the facts as shown by the evidence offered touching the same, we have spoken of the deed as security for an indebtedness; but we realize that before a deed should be declared a mortgage, the proof as to the same should be "clear, specific, satisfactory, and convincing" (McGuin v. Lee, 10 N. D. 160, 86 N. W. 714), "and leave in the mind of the chancellor no hesitation or substantial doubt" that the deed was in fact a mortgage (Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454). Measured by this rule, we cannot from the proof satisfactorily determine whether the deed in question is in fact, as between the grantor and the grantee therein, a deed or mortgage; and if it be a mortgage the proof is indefinite as to the amount due thereon to defendant corporation. Accordingly, the parties defendant should be left to determine these questions by agreement between themselves, or in an appropriate action wherein they can litigate these questions, and therefore we here determine neither of them; nor is this action to be construed as res judicata on the rights of the grantor and grantee in said deed in any subsequent action to determine their rights in such particulars.

We should, in justice to the trial court, mention that the judgment appealed from in this case was entered prior to the decision of Smith v. Gaub, 19 N. D. 337, 123 N. W. 827, settling the question involved herein, and regarding which many courts have held as did the trial judge in this action. Had Smith v. Gaub been decided prior to the trial of this action, the learned trial judge doubtless would have considered that case controlling, as it is on the issues involved herein, and the decision below would probably have been otherwise.

Accordingly, the decree of foreclosure entered in the lower court should be set aside in all things, and plaintiff's action dismissed, with costs allowed in both courts to both defendants, assessed against the plaintiff.

It is so ordered.

MORGAN, Ch. J., not participating.