[File No. 6848]

CHARLES B. ROMKEY, Appellant, v. CARROLL O. BARNES and Clara Barnes, Respondents.

(5 NW (2d) 79)

Opinion filed August 4, 1942.

*C. G. Dosland* and *J. E. Hendrickson,* for appellant.
*Nilles, Oehlert, and Nilles,* for respondent.

Burr, Ch. J.    On April 27, 1937, the defendants gave to the plaintiff a deed (Ex. A.) to Lot 3, in Block 5, of the Original Townsite of Fargo, "and the Building located thereon, and including therewith an undivided One-Half interest in and to the East Wall of said Building, which said wall now serves as a party wall, and the land on which the West Half of said Wall now stands and all land lying West of said Wall, which is under or within said Building as it now stands and as now located."

The deed provides, further: "And the said Carroll O. Barnes and Clara Barnes, his wife, parties of the first part, for their heirs, executors and administrators, do covenant with the parties of the second part, their heirs and assigns, that they are well seized in fee of the land and premises aforesaid and have good right to sell and convey the same in manner and form aforesaid; that the same are free from all encumbrances, except installments of special assessments or assessments for special improvements which have not been certified to the County Auditor for collection, and the above bargained and granted lands and premises in the quiet and peaceable possession of said party of the second part his heirs and assigns, against all persons lawfully claiming or to claim the whole or any part thereof, the said parties of the first part will warrant and defend."

The lot is about 140 feet long from north to south.    The building is a store building, faces north, is approximately 25 feet wide from east to west and about 100 feet long from north to south.    The first story is 12 or 13 feet high.    There is a second story, 12 feet high, perpendicular with the front of the building, of the full width of the building, and running back approximately 40 feet.    The building is in a block fully built up, so far as the street line to the north is concerned.    As to the front appearance the building appears to be the west half of a building fifty feet from east to west and hence the middle wall serves as a party wall for the building in issue and for the building directly east of it owned by one Peter Matson.

The plaintiff contends that at the time the deed was executed and

delivered the defendants were not lawfully seized of an estate in fee-simple, and that after the delivery of the deed Carroll O. Barnes, one of the defendants, and the First Federal Savings & Loan Association of Fargo brought an action in the district court of Cass County "to establish absolute ownership in the said Carroll O. Barnes and an undivided one-half interest in and to the East Wall of said building, which said wall now serves as a party wall etc." A copy of the decree is attached to and made a part of the complaint. The plaintiff further alleges that by the deed the defendants conveyed "an easement appurtenant to said real estate—of light and air immediately above said premises" and that this covenant had been breached; and that the covenant of seisin and the covenant to defend against all claims were breached at the time of the giving of the deed.

The answer admits the delivery of the deed (Ex. A.) but denies any breach of covenant. It alleges that there is still due the sum of $2,000 as part payment for the premises, which money was "kept and retained by the First Federal Savings & Loan Association of Fargo as provided in the said agreement" of sale made by the parties and which was to be paid to the plaintiffs when the association approved the title to the premises and further alleges the association has approved the title.

To the answer is attached a copy of an agreement, afterwards known as Ex. 2, entered into by Carroll O. Barnes, by the plaintiff herein, and by the First Federal Savings & Loan Association. This agreement sets forth that the plaintiff was procuring a loan from the association in the amount of $7,300 in order to finance the purchase of the premises involved and it was agreed between Carroll O. Barnes and the plaintiff on the one hand and the Savings & Loan Association, "that the First Federal Savings & Loan Association of Fargo, a corporation, may and shall retain $2,000 of the $7,300 agreed to be loaned, until such time as the title to the said premises should be cleared and made merchantable either by a proper party-wall agreement, or by successful litigation, in a manner meeting with the approval of the said First Federal Savings & Loan Association of Fargo."

In his reply the plaintiff alleges he signed the agreement, Ex. 2, "without consulting counsel, and that it was the belief and understanding of

this plaintiff at the time of signing same, that a good and merchantable title satisfactory to the plaintiff herein of the premises described in said Agreement, . . . should be conveyed to him."

In accordance with the intent of this agreement the defendant Carroll O. Barnes, and the First Federal Savings & Loan Association as plaintiffs commenced an action in the district court of Cass County against Peter Matson (the owner of the building to the east), Charles B. Romkey the plaintiff herein, the Fargo National Bank, a corporation, and the American Security Company, a corporation, as defendants for the purpose of determining the right of the parties in and to the party wall. The plaintiff herein appeared as one of the defendants in that case— with his counsel, who represent him in this action—and on January 25, 1940, decree was entered (Ex. B.) wherein the court "hereby ordered, adjudged and decreed, that Charles B. Romkey, as the present owner of the legal title to Lot 3 in Block 5 of the Original Townsite of the City of Fargo, and his successors in interest, are entitled to and have by virtue of this adjudication a permanent and perpetual easement in and right to use the brick wall now existing between Lots 2 and 3 in Block 5 of the Original Townsite of the City of Fargo, Cass County, North Dakota, as a party wall for the full length and height of said wall *as it now exists,* and that this easement is an easement running with the land but that the use of said wall as a party wall, by the present owner of the legal title to Lot 3, in Block 5, Original Townsite of the City of Fargo, and his successors in interest *is limited to the use now made of said wall as of January 25th, 1940."* No appeal was taken and so this judgment is final.

At the close of plaintiff's case the defendants moved the court to direct a verdict for the defendants upon the ground among others "that the plaintiff has wholly failed to show or evidence any facts upon which to constitute cause of action." The court granted the motion and judgment was entered accordingly.

The plaintiff moved for a new trial urging: that the trial court erred in instructing the jury to return a verdict for the defendants; in refusing to submit "the question of damages which were undisputed by the evidence." Further, "that the undisputed testimony shows that the

plaintiff and defendants had entered into several agreements with the ultimate view of determining party walls, easements and boundary lines, and as to whether or not the plaintiff could erect additions or extensions to said building so purchased." There is no support in the record for the last ground stated.

The complaint shows that the action was brought on the theory of a breach of the covenants set forth in the deed. The plaintiff testified: that this deed was the only thing he relied upon, "the only thing that exists so far as buying the property is concerned, excepting a receipt for a down payment;" there was no other contract; that this contract was entered into freely and voluntarily and so far as he was concerned, "it represents the sole agreement between the parties." He knew of no mistake in preparing the deed. He said he was making no attack upon the deed and that all he claimed in this lawsuit was he "always thought they (the defendants) did own it (the land) but when they undertook to get the title settled, the judgment I think is against them." In this respect he is referring to the decree known as Ex. B. He admitted he was acquainted with the premises before he bought them and that he went into possession of the premises before he got the deed. He said he was not "making any claim about the upstairs rooms;" that before he accepted the deed he looked around in the basement, he looked around on the first floor and went up to the second floor into the hallway to look the building over; that he was aware of the general condition of the building and everything about it, and when asked if he "were interested to see what the condition was before he paid any money" he answered, "naturally—I knew how the building looked. I don't think we're asking for any damages on that score."

He said further that at the time he accepted the deed "I was aware of the condition of the party wall as it stood and I could see it;" that there was a question in his mind as to the party wall and so he insisted that the clause "including therewith an undivided one-half interest in and to the east wall of said building, which said wall now serves as a party wall" be inserted in the deed. He admitted that before he brought the action he knew of the existence of Ex. 1, a letter from the loan association stating the decree of the court (Ex. B.) satisfied objections to the title. The evidence is quite clear that the plaintiff himself drew

the deed in question. He said "it has all the earmarks of my typewriter. It blurs the way my typewriter does." Again he said "I think I typed it myself—I wouldn't say positively, but it looks that way."

An examination of the deed shows the plaintiff knew, when he purchased the land, that the east wall of the building he purchased was a party wall. There is no proof that anyone asserts or asserted a claim of any nature or description antagonistic to the plaintiff. The plaintiff herein was a party defendant in the action to determine the status of this party wall and the district court found and decreed that this plaintiff had a permanent and perpetual easement to use that entire east brick wall of the purchased building as and of the date of January 25, 1940, the date the action was commenced. It is true there is nothing in this record to show that if the plaintiff herein desired to add a third story to the brick building or add a second story to the rear 60 feet of his first story, he could use the rest of the Matson wall, but there was no agreement between the parties in this respect. The plaintiff got just what he bargained for. He was not buying any right in any other wall or portion of a wall. He is not basing his action in whole or in part upon any agreement alleged to have been made with the defendants as to any right to use the west wall of the Matson building as an east wall for any third story on his own building or for the extension of the second story of his building past the south end of the first story.

The sole complaint of the plaintiff seems to be that when contemplating adding to the rear of his building Mr. Matson, the owner of the building to the east of him, objected to the plaintiff making further use of the west wall of the Matson building as a party wall.

The plaintiff himself does not claim that Matson in any way made claim to the east wall of the purchased building as it now stands. His claim is that Matson "said he didn't want his light cut off, that I (the plaintiff) had no right to cut it off." It appears that in the west wall of the Matson building are several windows in the upper floor, which floor is used as residential flats. Apparently Matson demurred to plaintiff putting another story on the rear of his building as this would seel these windows. Plaintiff said it was his intention to use the west wall of this Matson building for his east wall "as a party wall in building it up;" but nowhere does he show any agreement on the part of the

defendants to convey to him an undivided one-half interest in the west wall of the Matson building except so far as the west wall of the Matson building was the party wall of the building the defendants sold the plaintiff, and in this the plaintiff's right has been confirmed by the district court.

There is nothing in the deed and nothing in the testimony to show that the defendants had, at any time, any right to use any portion of the Matson building as a party wall other than what was already in use for the first and second floors. Nor is there anything in the record whatever to show any statement by the defendants that plaintiff could make any further use of the west wall of the Matson building. As the plaintiff himself says, the deed was the sole agreement and he based his claim upon the terms of the deed. Clearly he has shown no cause of action against the defendants.

No breach of any covenant has been shown, and before the grantee may recover upon any covenant of the grantors he must show a breach of such covenant.

The briefs discuss the principles laid down in Bowne v. Wolcott, 1 ND 497, 48 NW 426, and Dun v. Dietrich, 3 ND 3, 53 NW 81, on the one hand and Smith v. Gaub, 19 ND 337, 123 NW 827, and kindred cases relative to the construction of the covenants in the deed and their effect upon the grantors because of the language intimating that the grantors do not covenant for themselves but merely "for their heirs, executors and administrators." We need not attempt to apply the principles in these cases cited to the covenants involved in this deed. There is a total failure of proof to show that anyone has or is asserting any claim to "the whole or any part thereof," that there is any encumbrance of any kind against the land, and that anyone has made any attempt to, or claims any right to interfere with the quiet and peaceable possession of the premises by the grantee, the plaintiff in this case.

It is true chapter 245 of the Sessions Laws of 1935 provides that "when at the close of the testimony any party to the action moves the court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue" but this court has held repeatedly that the failure to submit the case to the jury though error, is error without prejudice when the

record shows "that a judgment in favor of the moving party must be entered notwithstanding the verdict either upon a motion therefor in the trial court or upon appeal." This issue has been determined by this court recently in the case of Ellsworth v. Martindale-Hubbell Law Directory, 69 ND 610, 289 NW 101. The writer of this opinion adheres to his dissent in this case cited, but it is now the law in this State. There is a total failure of proof on the part of the plaintiff to show any breach of warranty and in the light of the rule laid down in the latter case cited, the action of the lower court in denying the motion for a new trial and in entering judgment for the defendants for the dismissal of the action is affirmed.

CHRISTIANSON, MORRIS, BURKE and NUESSLE, JJ., concur.